ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

v. STATE.

Opinion delivered March 30, 1908.

1. PLEADING—AMENDMENT OF COMPLAINT.—It was not prejudicial error to refuse to allow defendant time to answer an amendment to the complaint filed after commencement of the trial if no substantial change was made by the amendment, so that it was necessary for the plaintiff to adduce the same evidence before the amendment as afterwards. (Page 566.)

2. RAILROAD—PENALTY FOR FAILURE TO CONSTRUCT HIGHWAY—PARTIES.— An action under Kirby's Digest, § 6684, against a railroad company to recover the penalty for failure to construct a crossing at a public road was properly brought in the name of the State for the use of the county. (Page 567.)

3. PLEADING—ALLEGATIONS NOT DENIED.—Allegations of the complaint not denied by answer need not be proved. (Page 567.)

4. ROADS AND HIGHWAYS—RIGHT TO BUILD.—Where a county court condemned a right of way for a highway across certain land and paid the landowners the damages assessed therefor, it acquired a right to build the highway as against a railroad company which subsequently acquired a right of way across such proposed highway. (Page 567.)

Appeal from Marion Circuit Court; *Brice B. Hudgins,* Judge; affirmed.

*T. M. Mehaffy, J. E. Williams* and *Horton & South,* for appellant.

1. The amendment should have been stricken out, or, if permitted to stand, appellant should have been granted a continuance. The suit, as brought, evidently was intended to cover the first clause of § 6681, Kirby's Digest, and on this issue there would have been a failure of proof which would entitle the defendant to a verdict. The amendment substantially changed the nature of the case. Refusal to strike it out or to give defendant a reasonable time to answer was an abuse of discretion. 71 Ark. 197; 67 Ark. 142.

2. The order of the county court was improperly admitted. It does not declare the road a public road, but provides that it may be established at some future time. The record was not notice to defendant of a public highway.

3. The notice given by the road overseer to the Missouri Pacific Railway Company was not notice to appellant, the defendant in this case and the company which built the railroad. Penal statutes are strictly construed, and the remedies provided strictly pursued. 56 Ark. 44; 59 Ark. 342; 71 Ark. 561. Failure to obey the notice is the condition on which the penalty is incurred. Kirby's Dig. § § 6682-3-4. There is a fatal variance between the notice declared on and that introduced in evidence. 69 Ark. 363; 68 Ark. 241; 66 Ark. 120; 58 Ark. 248.

4. After a railroad has been built, it becomes necessary to condemn a right of way over the railroad and offer compensation before its property can be confiscated for public roads. 65 Ark. 492; 75 Ark. 537.

5. The demurrer should have been sustained. The State alone could not sue. The action should have been brought in the name of the State for the use of the road district. Kirby's Digest, § 6685.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* for appellee.

There is no error in the record. The judgment should be affirmed.

BATTLE, J.   Garner Fraser, prosecuting attorney for the 14th Judicial Circuit of Arkansas, of which Marion County is a part, on behalf of the State for the use of Marion County, filed a complaint, in which he alleged, substantially, as follows: "The defendant (St. Louis, Iron Mountain & Southern Railway Company) is the owner of a line of railroad through Marion County, Arkansas.   That the defendant, in constructing its line of railroad through Marion County, Arkansas, constructed the same across a certain public road leading from Yellville and intersecting what is known as the Fallen Ash road at a point where said railroad crosses the line running north and south between sections 32 and 33 in said county, in Tp. 19 N., R. 16 W.   That said defendant has failed and refused to construct a public crossing at said point as required by law.   That, by making a cut at said point about 50 feet wide and about 20 feet deep, it has obstructed said road at said crossing, thereby making it impossible to cross said railroad at said crossing.   That on the 30th day of November, 1905, I. W. Pangle, road overseer of said district, notified the defendant, as required by law, that the railroad crossing was not such as the law required, and notified the defendant to so construct the crossing within sixty days."   And asked for a judgment against the defendant for $2,000, and $5.00 a day from and after the first day of February, 1906, until the trial in this action.

The defendant answered as follows:

"1.   It denies that it has crossed or obstructed the public highway mentioned in plaintiff's complaint, or any knowledge or information concerning the same sufficient to form a belief.

"2.   It denies that a public road was in existence, at the place mentioned in plaintiff's complaint, at the time when the defendant built its railroad at said place.

"3.   It denies that any public road has been established in manner or form as required by law at the place mentioned in said complaint, before the defendant built its railroad at said place.

"4.   Further answering, the defendant says: That, when it built its railroad at the place referred to in plaintiff's complaint, it did so with the consent of the landowners at said place, and after it had lawfully procured the title to its right-of-

way at said place. That no proceedings have been had against this defendant to divest its right or title or to condemn a right-of-way for a public road or crossing across its property, and no offer of compensation has been made to it or legal steps taken to divest its title, or give the plaintiff the right to build a public road across said railroad. That to maintain this action would divest the property rights of this defendant without due process of law."

Defendant also demurred to plaintiff's complaint, because it had no legal capacity to sue in this case; and because complaint did not state facts sufficient to constitute a cause of action.

After the commencement of the trial and the introduction of a part of the testimony and during the trial, the plaintiff, by leave of the court first had and obtained, over the objection of the defendant, amended its complaint by the following allegation:

"That at the January term, 1899, there was an order of the county court of Marion County ordering that a public road be opened on the line between sections 32 and 33, township 19 N., R. 16 W.; that some time during the year 1903 the defendant railway constructed its line of road across this section line above described; that after said railroad was built the overseer of said road district, acting under said order, opened up said road on the line between sections 32 and 33 aforesaid, and that that right-of-way for said road was paid for, and road overseer instructed to open said road."

The defendant then asked for time to answer the amendment, which the court refused.

In the trial an order of the Marion County Court, made on the 21st day of January, 1899, was read as evidence. It is as follows:

"Report of viewers of road between sections 4 and 5, Tp. 18 N., R. 16 W.

"On this day this cause came on to be heard, and the court, after hearing all the evidence in the case and the argument of counsel and being fully advised in the premises, doth allow said road on the section line, which is as follows, towit: commencing at or near the N. E. corner of J. C. Floyd's fence on the section line between 4 and 5, Tp. 18 N., R.

16 W., thence north on said section line to A. R. Hutchinson's lot, thence west to the S. W. corner of said lot, thence north on the west line of said lot, so as to make said line the center of said road to the N. W. corner of said lot, thence east to the section line between sections 4 and 5, thence north on said section line to the township line, thence west on said township line to the corner of sections 32 and 33, township 19 N., R. 16 W., thence north on said section line between section 32 and 33 township 19 N., R. 16 W., to the Fallen Ash road. And the court finds that by making said road L. L. Seawell will be damaged in the sum of $35, and that A. R. Hutchinson will be damaged in the sum of $25, and that R. C. Ferra will be damaged in the sum of $21, to be paid by the county if said road is opened up as above described, and the clerk of this court is hereby authorized to draw his warrant on the treasury of Marion County for the amounts above stated, payable to the above-named persons in case the road is opened up as above described; otherwise to be void.

"It is therefore considered, ordered and adjudged by the court that said road as above described shall be opened up and made a public highway, and the clerk of this court is ordered to notify the overseers through whose districts said road passes, and it is further ordered by the court that L. L. Seawell, A. R. Hutchinson and R. C. Ferra be and they are hereby allowed the above amounts above set out."

The damages allowed Seawell, Hutchinson and Ferra were paid by the county.

The railroad of the defendant was built in 1903 or 1904. It was built across the ground where the public road was established by the order of the county court, and a cut seventeen or eighteen feet deep was made there by the defendant. The public road was opened to one-half or a quarter of a mile of this cut before the railroad was built. The overseer of the road notified the defendant to so construct the crossing of the railroad as to conform to the law within sixty days. This notice was served on the third day of November, 1905, but no change was ever made in the crossing.

The jury in the case returned a verdict for the plaintiff for the sum or $100 penalty and $5.00 per day for 395 days, amount-

ing in all to $2,075, for which the court rendered judgment. Defendant appealed.

No prejudicial error was committed in the refusal of the court to allow the defendant time to answer the amendment to the complaint. No substantial change was made in the issues by the amendment. It was necessary for the plaintiff to adduce the same evidence before the amendment as afterwards.

This action is based upon the following statutes:

"Sec. 6681. Whenever any railroad company or corporation has constructed, or shall hereafter construct, a railroad across any public road or highway of this State, now established or hereafter to be established, or where any public road or highway hereafter established shall cross any railroad now established or to hereafter be established, such railroad company or corporation shall be required to so construct such railroad crossing, or so alter or construct road bed of such public road or highway, that the approaches to the railroad bed on either side shall be made and kept at no greater elevation or depression than one perpendicular foot for every five feet of horizontal distance, such elevation or depression being caused by reason of the construction of said railroad; provided at any crossing of any public highway such railroad may be crossed by a good and safe bridge, to be built and maintained in good repair by the railroad company or corporation owning or operating such railroad.

"Sec. 6682. Whenever any railroad company or corporation shall neglect or refuse to construct or keep in good repair such crossing in the manner as prescribed in section 6681, it shall be the duty of the overseer of the public road or highway where such public road or highway crosses the said railroad to give written notice to the section foreman or boss of that part of the railroad where such crossing is made, or to the nearest station agent to said crossing in the following form:" etc.

"Sec. 6684. Any railroad company or corporation refusing or neglecting to comply with the provisions of this act within the sixty days after notice has been served in the manner herein specified shall forfeit and pay to the county in which such road district may be located a sum not less than one hundred dollars nor more than two thousand dollars, and five dol-

lars per day for every day such refusal or neglect shall continue after the expiration of sixty days' notice, served on such railroad company or corporation as herein specified."

Defendant insists that the action was improperly brought; that it should have been brought in the name of the State for the use of road district No. 1, where the road was located. But this is not correct. The penalty is payable to the county, and the action was properly brought for the use of the county.

It is said that the notice to construct crossing as required by law was not given. But it is alleged in the complaint, and not denied by the answer, that it was given. No proof that it was was necessary, it being admitted in the pleadings.

It is contended by appellant that, in order for appellee to maintain this action, it was necessary for it to prove that the public road was in existence at the place a crossing of the railroad is sought before the latter was built; that, unless it was, the county could not establish a public highway across its railroad without first condemning a right-of-way over the same in the manner prescribed by law. But this had already been done before the building of the railroad. On the 21st day of January, 1899, many years before the railroad was built, upon report of viewers appointed to view, survey and lay out the road and to assess and determine the damages that might be sustained by any one through whose premises it was located, the Marion County Court condemned the right of way, and ordered that the read be opened and made a public highway on the ground, in part, across which the railroad was subsequently built and assessed damages for the same. By virtue of this order, the county acquired the right to build the road on the disputed ground, after the payment of compensation to the owner therefor, which it seems it has done. No reason has been given or appears why this proceeding is not valid, and for the purposes of this action it must be assumed that it is. Such being the case, the rights acquired by the appellant were subject to those of the county, and it was its duty to construct the crossing of the right-of-way of the county for a public highway by its railroad in accordance with the statutes set out in this opinion, and for a failure or neglect to do so the county is entitled to recover the penalties prescribed in such cases.

Judgment affirmed.