Charles R. SMALLWOOD and Carolyn SMALLWOOD,
His Wife *v.* ELLIS GIN COMPANY, INC.

CA 82-502                                    661 S.W.2d 410

Court of Appeals of Arkansas
Division I
Opinion delivered November 30, 1983

*R. James Lyons,* for appellants.

*Gardner & Steinsiek,* for appellee.

MELVIN MAYFIELD, Chief Judge. This is an appeal from a portion of a chancery court decree. The suit was filed by a bank in Blytheville seeking judgment on a note and foreclosure of a mortgage executed by Charles and Carolyn Smallwood. The bank made Planters Production Credit Association and Ellis Gin Company parties alleging they also held mortgages on the property but that the bank's mortgage was superior and paramount. The bank specifically alleged that the Ellis Gin mortgage was barred by the statute of limitations.

Both Ellis and Planters filed answers to the bank's complaint admitting and denying certain of its allegations and filed cross-complaints against the Smallwoods seeking foreclosure of the Smallwood mortgages held by Ellis and Planters. The pleading filed by Ellis did not, however, specifically deny the bank's allegation that the mortgage held by Ellis was barred by limitations, although the prayer of its "Answer and Cross-Complaint" asked that all claims made by the bank and Planters be declared junior and inferior to the Ellis claim.

The Smallwoods were served with summons on the bank's complaint and Planter's cross-complaint, and they filed an entry of appearance and waiver of service on the Ellis cross-complaint. No answer, however, was filed by them to the complaint or cross-complaints and eventually a decree was entered in which judgments were granted against them and the priority of liens was fixed. Ellis was given a fourth lien on the Smallwood home and a third lien on the other real property. Foreclosure of all the property was ordered and on the day of the foreclosure sale, the Smallwoods filed a motion alleging that the failure of Ellis to deny the bank's allegation that the Smallwoods' indebtedness was barred by limitations was an admission that it was so barred and,

additionally, that even though the Smallwoods failed to plead the statute of limitations as to the claim of Ellis, this was pled by the bank and Planters and their pleadings inured to the Smallwoods' benefit.

The Smallwoods' motion asked that the court's decree be "changed and corrected" to reflect that the claim of Ellis is barred by limitation. This motion was denied and from that denial the Smallwoods have appealed.

On appeal the appellants first argue that the failure to deny the bank's allegation that the claim of Ellis is barred is deemed to be an admission of that allegation. We do not agree. The cases cited in support of this point, *St. Louis I. M. & S. Ry. Co. v. State,* 85 Ark. 561, 109 S.W. 545 (1908) and *Meek* v. *United States Rubber Tire Co.,* 244 Ark. 359, 425 S.W.2d 323 (1968), do not apply to the situation in this case. It is true that some allegations are taken as admitted unless specifically denied and Civil Procedure Rule 8 (d), which was in effect at the time here involved, provides that "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied . . . ." In this case, however, the Smallwoods made no pleading to which Ellis could respond. The bank alleged that the Ellis lien was barred by limitations and that the bank's lien was superior to the Ellis lien. The failure to deny those allegations might admit them as far as the bank's claim is concerned, but this does not affect the Ellis claim against the Smallwoods.

The statute of limitations is an affirmative defense which has long been required to be specially pleaded. *Livingston* v. *New England Mortgage Security Co.,* 77 Ark. 379, 91 S.W. 752 (1906); Civil Procedure Rule 8 (c). However, pleading the statute of limitations is a personal matter and is a defense only to the party pleading it. *Henry* v. *Coe,* 200 Ark. 44, 137 S.W.2d 897 (1940); *Hall* v. *Bonville,* 36 Ark. 491 (1880). Thus, the plea of limitations made by the bank in this case applied only to the issues between it and Ellis. There was no plea of limitations as a defense to the Ellis claim against the appellants Charles and Carolyn Smallwood.

What we have just said also applies to the appellants' second argument, i.e., that the plea of limitations made by the bank inured to the appellants' benefit. The cases of *Southland Mobile Home Corp.* v. *Winders,* 262 Ark. 693, 561 S.W.2d 281 (1978) and *Firestone Tire & Rubber Co.* v. *Little,* 269 Ark. 636, 599 S.W.2d 756 (Ark. App. 1980), are cited in support of appellants' contention in this regard. Those cases involved default judgments entered against a defendant where there was another defendant, alleged to be jointly and severally liable, who had filed an answer which denied the material allegations of the complaint. Both cases held that the answer filed by the one defendant stated a defense common to both defendants and therefore inured to the benefit of the defendant in default. In the present case, however, the plea of the statute of limitations was a personal plea of the bank and did not inure to appellants' benefit. In *Hall* v. *Bonville, supra,* the court said:

> Where several are sued on a contract, a successful plea by one going to the validity of the contract, or to the satisfaction or discharge of the debt, operates as a discharge to all the defendants; but it is otherwise where the plea goes to the personal discharge of the party interposing it. The plea of limitation interposed in the separate answer of appellee Howell, was personal to him, and the court erred in rendering judgment discharging both him and appellee Bonville on the plea. . . . One defendant may think proper to plead the statute of limitation, and another may not.

The plea of limitations is personal to the party pleading it. Therefore, it is not a common defense and cannot inure to the benefit of a party who does not plead it.

Affirmed.

COOPER and CORBIN, JJ., agree.