## BARTON v. BOWLIN.

### Opinion delivered January 26, 1914.

1. CHATTEL MORTGAGES—RIGHT OF POSSESSION—TENDER OF AMOUNT OF DEBT.—A tender of the amount due, if sufficient in amount, will prevent a mortgagee from foreclosing, as long as the tender is kept alive, and also deprive the mortgagee or his agent of the right to possession. (Page 127.)

2. CHATTEL MORTGAGES—RIGHTS OF MORTGAGEE.—The holder of a chattel mortgage containing a power of sale, is regarded, in his effort to carry out the terms of the mortgage, as a trustee, and his rights and duties are limited by the terms of the instrument which creates the trust. (Page 127.)

3.  CHATTEL MORTGAGES—EXPENSES INCURRED IN RECOVERING MORTGAGED
    PROPERTY—LIABILITY OF MORTGAGOR FOR.—The mortgagee of a chattel
    may recover from the mortgagor, where the latter had removed the
    mortgaged property from the county, legitimate and necessary ex-
    penses incurred in searching for the property, when the mortgage
    itself provides for such reimbursement.  (Page 128.)

Appeal from Greene Circuit Court, First Division;
J. F. *Gautney,* Judge; reversed.

*Johnson & Burr,* for appellant.

1.  Replevin did not lie.   Kirby's Dig., § 5410; 18
Ark. 166; 43 *Id.* 519; 18 Enc. Pl. & Pr. 497; 82 Ark. 244;
24 A. & E. Enc. Law (2 ed.), 488; 5 *Id.* 1020; Jones on
Chat. Mortg., § § 632-4; 89 N. W. 510; 101 N. W. 1054;
7 Cyc. 78.   When a mortgagee takes possession, a tender
will not support replevin.   5 A. & E. Enc. L. (2 ed.)
1020; 101 N. W. 1050; 89 N. W. 510.   The remedy is by
bill to redeem in equity.   101 N. W. 1050; 79 Pac. 925;
18 Ark. 102; 3 Mich. 111; 28 Mo. App. 354; 4 A.
& E. Enc. Pl. & Pr. 511.   Tender does not revest title,
nor divest the lien.   83 Ark. 484; 112 Ill. App. 223; 50
Ark. 505; 38 *Id.* 329.

2.  The tender was not sufficient.   23 N. W. 775; 25
Minn. 135-140.   It did not include costs and expenses.

3.  The burden was on appellee to show a sufficient
tender.   54 N. E. 253; 89 N. E. 919.

*S. R. Simpson,* for appellee.

1.  The mortgagor had an interest he could sell, sub-
ject to the mortgage lien.   Kirby's Dig., § 5396; 87
Ark. 502.

2.  The tender was sufficient, and as long as kept
good, paralyzes the power to sell under the mortgage.
36 Ark. 17; 66 *Id.* 550.

3.  The personal expenses of an agent can not be
charged against the mortgaged property.   53 Ark. 545;
63 *Id.* 231.

McCULLOCH, C. J.   This is an action instituted be-
fore a justice of the peace to recover possession of a
horse, and only involves the right of a mortgagee to

charge against the mortgaged property certain expenses claimed in finding the property and taking charge of it.

In February, 1911, one Wheeler executed to Johnson, Berger & Co., a firm of merchants at Jonesboro, Arkansas, a chattel mortgage on the horse in controversy, to secure a note due and payable on October 1, 1911.

The mortgage provided that "in case any default shall be made in the payment of said indebtedness as herein set forth, or should the party of the first part, prior to said 1st day of October, 1911, sell, or attempt to sell, ship, remove, or otherwise dispose of, the property herein conveyed, * * * without the consent of the parties of the second part, then, in either event, the parties of the second part, their agents or attorneys, are hereby authorized and empowered to take charge of said property on demand * * * and sell and dispose of the same, * * * and out of the proceeds of said sale the said parties of the second part to retain the sum due them as herein set forth and the cost of this trust and of sale, rendering the overplus, if any, to the said party of the first part."

Wheeler removed the horse from the county, without the consent of the mortgagees, carried it over into Greene County, and traded it to one Carpenter, who, in turn, sold or traded it to appellee's intestate.

The mortgagees, after learning of the removal of the property from the county in violation of the terms of the chattel mortgage, sent appellant, their agent, to search for the horse and recover it. In making the search appellant incurred expenses amounting to $13.50, paid out in livery bills, railroad fare, and hotel bills. Appellant took possession of the property under the mortgage, as agent for the mortgagees, and was preparing to carry it back to Jonesboro for the purpose of foreclosure, the mortgage stipulating that the sale should take place there, when appellee's intestate tendered the amount of the mortgage debt and demanded surrender of possession, which was refused.

The point of controversy between the parties is, as before stated, the right to charge against the property the expenses incurred by the mortgagees in getting possession of the property. Appellees' intestate refused to pay those expenses, and appellant refused to surrender possession until same were paid, and this action was instituted by the former.

The tender of the amount of the mortgage debt was kept good and the same was paid into court.

On appeal to the circuit court the case was tried before the court sitting as a jury, and the trial resulted in a judgment in favor of appellee, the court holding that the expenses incurred by the mortgagees' agent were not chargeable against the property.

It is insisted, in the first place, that replevin is not the proper remedy and that after forfeiture the only remedy of the mortgagor or his vendee is by suit in equity to redeem.

The authorities cited on the brief sustain the rule contended for at common law; but such is not the rule under the statutes of this State, which provide that "in any action * * * where it is attempted to foreclose any mortgage, deed of trust or to replevy, under such mortgage, deed of trust or other instrument, any personal property, the defendant or defendants in said action shall have the right to prove or show any payment or payments or set-off under such said mortgage, deed of trust or other instrument, and judgment shall be rendered for the property or the balance due thereon, and the defendant may pay the judgment for the balance due and costs within ten days and satisfy the judgment and retain the property." Kirby's Digest, § 6869.

We have held that this statute is applicable to an action instituted by the mortgagor to recover possession of the property. *Geiser Mfg. Co.* v. *Davis,* 110 Ark. 449.

We are of the opinion that it applies where possession is taken by the mortgagee to foreclose and a tender is made of the amount due.

"The tender of the mortgage debt," said this court in *Greer* v. *Turner,* 36 Ark. 17, "stops interest on the debt, and, as long as it is kept good, takes the place of the mortgaged property as a security, and paralyzes the power to sell the mortgaged premises for payment of the debt."

The tender, if it embraced a sufficient amount, prevented the mortgagee from foreclosing as long as the tender was kept alive, and, therefore, the tender deprived the mortgagees, or their agent, of the right of possession. *Strickland* v. *Clements,* 83 Ark. 484.

The remaining question in the case relates to the right of the mortgagees to demand reimbursement for the expenses incurred in gaining possession of the property.

No question is made as to the legitimacy of the items contained in the charge if the mortgagees are entitled to reimbursement for any of the expenses of gaining possession. The facts of the case are covered by an agreed statement, and no point is made as to the correctness of the items in the charge, the only contention being that such expenses do not constitute a charge against the mortgaged property.

The mortgage provides, among other things, that if the mortgagor "sell, or attempt to sell, ship, remove, or otherwise dispose of the property," without the consent of the mortgagees, then the mortgagees are authorized "to take charge of said property on demand" and sell same and "retain the sum due them as herein set forth and the cost of this trust and of sale, rendering the overplus," if any, "to the mortgagor."

The holder of a chattel mortgage containing a power of sale, is regarded, in his effort to carry out the terms of the mortgage, as a trustee, and his rights and duties are limited by the terms of the instrument which creates the trust. 2 Wilsie on Mortgage Foreclosures, § 1013.

Many of the courts, however, hold that, even in the absence of express stipulation, the mortgagee is entitled to all expenses legitimately incurred in executing the

trust, many holding that the expenses of attorney's fees incurred in selling the property pursuant to the power are chargeable against the mortgaged property.

We are unable to find any case holding that, where the mortgage itself provides for payment of expenses of the foreclosure, such expenses are not properly chargeable against the property.

The textbooks dealing with this subject appear to take it for granted that all such expenses are so chargeable. 2 Wilsie on Mortgage Foreclosures, § 1012; Jones on Chattel Mortgages, § 712.

Therefore, the question in this case is whether the language of the mortgage is broad enough to include expenses of the character mentioned.

The language is that "the cost of this trust and of sale" shall be retained by the mortgagees. It is manifest that the word "cost" was intended to mean expense of the trust, and, giving it this construction, the language clearly included the expenses incurred in searching for the property and regaining it in another county to which it had been wrongfully removed by the mortgagor. Those expenses were essential to the performance of the trust in getting possession of the property so as to bring it to the place specified in the mortgage for sale under foreclosure.

The fact that the mortgagor, or his vendee, tendered the amount of the mortgage debt before foreclosure was complete, did not deprive the mortgagees of the right to demand payment of expenses or preparation for foreclosure legitimately incurred after forfeiture and before tender of the debt.

It follows that the decision of the circuit judge was erroneous in holding that the expenses were not chargeable against the property. The item of $1 for certified copy of the mortgage is not chargeable against the property, as it is not a necessary part of the expense of foreclosure. A copy of the mortgage is not required for the purpose of demanding possession of the property. The judgment is reversed and the cause remanded with direc-

tions to enter judgment for appellant in accordance with the terms of the statute regulating replevin suits for purpose of foreclosing chattel mortgages.