A. KARCHER CANDY COMPANY *v.* HOPKINS.

4-8219                                              202 S. W. 2d 588

Opinion delivered June 2, 1947.

*William R. Arendt* and *Josh W. McHughes,* for appellant.

*Ben D. Rowland* and *Philip McNemer,* for appellee.

HOLT, J.    July 31, 1946, appellant, A. Karcher Candy Company, filed complaint in the Municipal Court of the City of Little Rock, in which it alleged: "That plaintiff (appellant) on the 14th day of April, 1941, obtained judgment in the Municipal Court of the City of Little Rock, Pulaski County, Arkansas, against the said defendant (appellee) in the amount of $42.47, plus court costs expended; that said judgment is now of record in the Municipal Clerk's Record Book, page No. 46975; that there is now due on said judgment the sum of $42.47, plus

six per cent interest amounting to $13.33, plus court costs in the amount of $4.40, aggregating a total of $60.20. Plaintiff further states that said judgment has not been reversed, set aside, and that it is not paid; plaintiff further states that he has no adequate remedy at law except this action and that he is entitled to judgment against the defendant, Ewell Hopkins, in the amount of Sixty and 20/100 Dollars ($60.20)," and prayed for judgment in this amount.

Appellee, Ewell Hopkins, filed demurrer in which he alleged: "That the complaint of the plaintiff (appellant) does not state sufficient facts to constitute a cause of action against the defendant, Ewell Hopkins, for the reason that it shows upon its face that the plaintiff's cause of action is barred by the Statute of Limitations."

The Municipal Court overruled the demurrer and entered judgment for appellant as prayed.

On appeal by appellee to the Circuit Court, appellee's demurrer was sustained, whereupon, appellant declined to plead further and its complaint was dismissed.

This appeal followed.

We think the trial court erred in sustaining the demurrer.

The present suit was on a judgment which appellant had obtained against appellee in the Little Rock Municipal Court April 14, 1941. Under the plain terms of § 8937, Pope's Digest, appellant had 10 years within which to maintain this action after the cause of action accrued. The cause of action accrued on the date the judgment was rendered. *Koontz* v. *LaDow,* 133 Ark. 523, 202 S. W. 686.

Section 8937 provides: "*On Judgments.* Actions on all judgments and decrees shall be commenced within ten years after cause of action shall accrue and not afterward."

The early case of *Hicks* v. *Brown,* 38 Ark. 469, is controlling here. In that case the facts were that on the 23rd day of August, 1880, Hicks sued Brown in the Circuit Court in Greenwood, Sebastian County, upon a judgment which had been recovered against Brown before a justice of the peace in that county on August 24, 1870, for $200. The defense was that the cause of action sued upon had not accrued within five years next before the institution of the suit, and was therefore barred under § 3791, Gantt's Digest—now § 8443, Pope's Digest, which provides: *"When issued.* Executions for the enforcement of judgments in a justice's court, except when filed in the clerk's office of the circuit court of the county in which the judgment was rendered may be issued by the justice before whom judgment was rendered, on the application of the party entitled thereto, at any time within five years from the entry of the judgment, but not afterward.''

There, this court said: ''The statute makes no distinction as to the limitation of actions between judgments of the circuit courts and justices of the peace. Its language is: 'Action on all judgments and decrees shall be commenced within ten years after the cause of action shall accrue, and not afterwards,' § 4128, Gantt's Digest, (now § 8937, Pope's Digest). There is no necessary relation between this section and § 3791, limiting the time in which executions may be issued on judgments of justices of the peace, and it is not required to be construed in *pari materia* with it. . . . The plea of the Statute of Limitations of five years was, therefore, no bar or defense to the action.''

But, says appellee: ''Now it is upon this section 8443, Pope's Digest, that we contend that limitation on the life of such justice of the peace judgment is five years only, *when not filed* in a circuit court.''

We think this contention untenable.

The fact that the present suit was brought in a municipal court, and not in a circuit court, on a judgment that had been previously obtained in the municipal court

does not affect its validity for the reason that since the amount involved did not exceed $100, the exclusive jurisdiction of the action was limited to the municipal court. Section 9905, Pope's Digest, on jurisdiction of municipal court, provides: ''Concurrent with Justices of the Peace and exclusive of the Circuit Court in all matters of contract where the amount in controversy does not exceed the sum of One Hundred Dollars ($100.00) excluding interest.''

The judgment here is in effect a contract within the meaning of § 9905, *supra,* and must be so treated.

The Supreme Court of California in the case of *Stuart* v. *Lander,* 16 Cal. 372, 76 American Decisions 538, had this same question before it in circumstances similar, in effect, as here. There, an action had been brought in a justice's court on a judgment that had been obtained in a court of a justice of the peace and the jurisdiction of the justice's court in an action on the prior judgment was questioned. The California court there held: (Headnote 2). ''Action will lie on judgment obtained in justice's court in California, even when the time within which an execution could be issued on such judgment has expired, judgments being contracts within the meaning of the act conferring on justices' courts jurisdiction over actions on contracts, where the amount in dispute does not exceed the constitutional limits.''

For the error indicated, the judgment is reversed and the cause remanded with directions to overrule the demurrer.