GENERAL AMERICAN LIFE INSURANCE Co. *v.* Cox.

4-8931                                    223 S. W. 2d 775

Opinion delivered October 24, 1949.

*David Solomon, Jr.,* for appellant.

*Dinning & Dinning,* for appellee.

GEORGE ROSE SMITH, J. On March 24, 1930, the Missouri State Life Insurance Company obtained a foreclosure decree that resulted in a deficiency judgment against the appellees. The judgment was assigned to the appellant in 1933. The question now is whether it has been kept in force by revivorship proceedings.

The facts are stipulated. A writ of scire facias was issued and served in June, 1939—less than ten years after the entry of the judgment. The right to revive was not contested, but the order of revivor was not entered until November 23, 1942. Thereafter the judgment was again revived in 1945, without resistance by the appellees. In 1948 the appellees filed their complaint under Ark. Stats. (1947), § 29-506, seeking to vacate the two judgments of revivor. The chancellor held that the court had been without power to revive the original judgment more than ten years after its rendition. Upon this premise he vacated both judgments of revivor; the judgment creditor appeals.

Among other defenses the appellant asserted: (*a*) that if the writ of scire facias is issued within the ten-year period the order of revivor may be entered after its expiration; and (*b*) that the 1945 judgment is res judicata as to any defenses that might then have been interposed. Both contentions are well taken.

I. The ten-year period of limitation is fixed by Ark. Stats. (1947), § 29-601, reading in part: "No scire facias to revive a judgment shall be issued but within ten years from the date of the rendition of the judgment . . ." The statute refers only to the issuance of the writ, not to the entry of the order of revivor. By its terms it grants the full period of ten years within which the writ may issue. To require that the judgment also be taken within ten years would have the effect of reducing the time allowed for issuance of the writ, since provision is made for the filing of an answer and for a hearing upon the question of revivor. Unless a statute of limitation expressly provides otherwise, its operation is ordinarily

tolled by the commencement of an action rather than by its prosecution to judgment.

The identical question has arisen in several jurisdictions having statutes similar to ours, in which reference is made to the issuance of the writ rather than to the entry of the order. These cases uniformly hold that a writ issued within time supports an order entered after the time has expired. Well reasoned decisions include *Lafayette County v. Wonderly,* 92 Fed. 313 (C.C.A.8); *Luzerne Nat. Bank v. Gosart,* 322 Pa. 446, 185 Atl. 640; and *Thomas v. Towns,* 66 Ga. 78. In Georgia the time for issuance of the writ was three years, and in the case cited the court said: ''To hold that a judgment of revival must be had within the period of three years . . . would, we think, be a construction unprecedented in all limitation laws.''

II. Our decision in *Hinton v. Willard, ante,* p. 204, 220 S. W. 2d 423, decided May 2, 1949, completely supports the alternative defense of res judicata. There we pointed out that a judgment of revivor is as effective an adjudication as any other judgment and that in a scire facias proceeding the judgment debtor must plead all matters of defense that he has. Even if there were merit in the appellees' attack upon the earlier judgments, the defense should have been asserted in the 1945 proceeding. Hence the appellant must prevail on both grounds.

Reversed and remanded.