LEWIS v. BANK OF KENSETT.

4-9735

247 S. W. 2d 354

Opinion delivered March 31, 1952.

*Opie Rogers* and *George F. Hartje,* for appellant.

*Culbert L. Pearce* and *Edgar E. Bethell,* for appellee.

MINOR W. MILLWEE, Justice. This is an appeal from a decree denying appellant's motion to vacate certain decrees reviving a judgment.

On January 6, 1936, appellee, Bank of Kensett, obtained a judgment upon personal service against appellant, Major Lewis, and one Clyde Hooten in the Van Buren Chancery Court in a suit on certain promissory notes executed by the defendants and secured by chattel mortgages.

Nothing having been realized on its judgment appellee, on December 22, 1945, filed a petition in chancery court to revive the judgment by *scire facias.* Instead of using the regular form of writ of *scire facias,* appellant was served with an ordinary writ of summons in Faulk-

ner County on January 5, 1946, and similar service was had on Clyde Hooten in Van Buren County. A default decree of revivor was rendered against both defendants on April 1, 1946.

On July 5, 1950, appellee filed its second petition to revive the judgment and the regular form of writ of *scire facias* was issued and duly served on appellant on July 25, 1950. Appellant again failed to appear and an order reviving the judgment was entered against him on October 21, 1950. This order recites that service of process on Clyde Hooten was not obtainable. No appeal was taken from the decree of revivor.

At the next term of the Van Buren Chancery Court on April 11, 1951, appellee filed a petition against appellant and Supreme Dairy Products Co. to restrain appellant from disposing of fifty shares of stock allegedly owned by him in the dairy products company and to enjoin the latter from transferring said stock on its books. A temporary order granting the relief prayed was issued on the filing of the petition. A writ of garnishment was served on the dairy corporation and a writ of execution on appellant.

On May 14, 1951, appellant filed a pleading designated "Answer" to appellee's petition for restraining order. He asserted that the judgment of January 6, 1936, was barred by the statute of limitations; that said judgment became void because no writ of *scire facias* was served upon him within ten years from the date of said judgment as required by statute and both judgments of revivorship were, therefore, void; that no attempt had been made to serve a *scire facias* on Clyde Hooten and appellee was thereby estopped because it had caused appellant to lose his rights of contribution and subrogation. The prayer of the "Answer" was that said judgments against appellant be set aside; that the temporary restraining order be dissolved; and that the garnishment and execution be quashed.

Appellee demurred to the answer and filed a motion to strike it but, at appellant's request, the court treated

the pleading as a motion to vacate and quash the prior judgments. Trial resulted in a decree (a) overruling appellant's motion to vacate the judgment of October 21, 1950, and finding same to be valid and subsisting, (b) dissolving the temporary restraining order and denying a permanent injunction, and (c) quashing the writ of garnishment.

After both parties had been granted an appeal, the chancellor, on his own motion, set aside orders (b) and (c), *supra,* and ordered appellant to deposit the stock certificate in the registry of the court within ten days, subject to further orders of the court, and this was done. Appellee has, therefore, abandoned its cross-appeal and there remains the question of the correctness of the chancellor's action in upholding the validity of the revivorship decree of October 21, 1950, and overruling appellant's motion to vacate said decree and the other judgments against him.

Appellant earnestly contends that when he was served with an ordinary writ of summons at the first revivorship proceedings instituted in December, 1945, instead of a writ of *scire facias,* as specified in Ark. Stats., § 29-603, the court acquired no jurisdiction to enter the order of revivor of April 1, 1946, which was a nullity. Hence, appellant argues that the writ of *scire facias* issued and served on him in the 1950 proceeding not having been issued or served within ten years of the date of the rendition of the original judgment was, therefore, also void and of no effect.

In passing on the issues the chancellor stated: "The Court notes that § 29-606 of Arkansas Statutes provides that 'If, upon service or publication of the *scire facias,* as required in the preceding section, the defendant, or any other person interested do not appear and show cause why such judgment or decree shall not be revived, the same shall be revived,' etc. The Court thinks that statute clearly places on defendant the duty to appear and show cause why it should not be revived, and it says that if he fails to do that then it is the Court's duty to

enter an order of revival. The defendant admittedly did not do this, and the Court entered a solemn judgment on October 21, 1950. If the defendant had appeared and offered to show cause why such judgment should not be revived, then the Court would have been in position to go into the merits of the petition for *scire facias* and on the issues. So in the judgment of this Court the judgment of October 21, 1950, will stand.''

The chancellor also held that Ark. Stats. § 29-601, which provides a ten-year period within which to revive a judgment, must be pleaded as a defense like any other statute of limitations and that appellant, having failed to appear and plead the statute in the 1950 revivorship action, was precluded from doing so in a collateral proceeding at a subsequent term of court.

The decree of the chancery court is correct. Our cases hold that a revivorship judgment is as effective and conclusive as an adjudication as other judgments and a defendant is bound to plead all matters of defense that he has just as he would in an ordinary suit. As the court said in *Ward* v. *Sturdivant*, 96 Ark. 434, 132 S. W. 204: ''That judgment was rendered in a proceeding by *scire facias*, and, after its rendition, it became as effective as an adjudication as other judgments. In a proceeding to revive a judgment by *scire facias* the defendant is bound to plead all matters of defense that he has just as he would in an ordinary suit. The judgment of revival is conclusive against all facts and defenses which existed before its rendition. In 2 Freeman on Judgments, § 448, it is said: 'The effect of a judgment entered upon a *scire facias* as an adjudication does not differ from that of other judgments. It can not be collaterally avoided for mere error or irregularity, and, until set aside by some proper proceeding, it conclusively establishes the facts necessary to support it as against all persons properly made parties thereto.' ''

In the recent case of *General American Life Ins. Co.* v. *Cox*, 215 Ark. 860, 223 S. W. 2d 775, we said: ''Our decision in *Hinton* v. *Willard*, 215 Ark. 204, 220 S. W. 2d 423, decided May 2, 1949, completely supports the alterna-

tive defense of *res judicata*. There we pointed out that a judgment of revivor is. as effective an adjudication as any other judgment and that in a *scire facias* proceeding the judgment debtor must plead all matters of defense that he has. Even if there were merit in the appellees' attack upon the earlier judgments, the defense should have been asserted in the 1945 proceeding."

So here the proceedings culminating in the revivorship decree on October 21, 1950, were regular and in strict accordance with the statute. Appellant was duly served with a writ of *scire facias* in that proceeding and the court had complete jurisdiction of the subject matter and the person of appellant. Under these circumstances, appellant was legally bound to appear and set up his defense, but he failed to do so, and judgment was properly rendered against him from which he did not appeal. The defenses, that appellee's cause of action is barred by the statute of limitations, that service of process in the first revivorship proceeding was defective and void, and that no attempt had been made to serve a writ of *scire facias* on Clyde Hooten, the co-defendant, were all matters which should have been asserted in the 1950 revivorship suit and the judgment rendered therein is *res judicata*. Although the 1950 decree was taken by default, it was as conclusive, under the facts here presented, as any other judgment or decree. *Chicago, R. I. & P. Ry. Co.* v. *Moore,* 92 Ark. 446, 123 S. W. 233; *Hooper* v. *Wist,* 138 Ark. 289, 211 S. W. 143.

It is unnecessary to consider the further contention that appellant did not allege a meritorious defense to the action in which the judgment was originally rendered.

The decree is affirmed.