# Bruce BURTON *v.* BANK OF TUCKERMAN

82-120                                    637 S.W.2d 577

Supreme Court of Arkansas
Opinion delivered July 12, 1982

*David Hodges,* for appellant.

*James A. McLarty* of *Pickens, Boyce, McLarty & Watson,* and *C. Eric Hance,* for appellee.

ROBERT H. DUDLEY, Justice. In 1972 the Circuit Court of Jackson County entered a judgment for the appellee Bank of Tuckerman and against appellant Bruce Burton. The judgment was not satisfied and in August 1980 appellee sought to revive the judgment by causing a writ of scire facias to be issued. The writ ordered appellant to appear in court within twenty days and show cause why the judgment

should not be revived and the execution levied. Appellant received a copy of the petition for writ of scire facias as well as the writ of scire facias by certified mail at his address in Memphis, Tennessee. He filed a response denying the allegations in the petition and alleging that it was barred by the statute of limitations. No further action was taken until April 1981, when the appellee filed a second petition for writ of scire facias, obtained a writ directing the appellant to show cause why the judgment should not be revived and caused a warning order to be issued by the clerk commanding the appellant to appear. An attorney ad litem was appointed and constructive service was completed. Appellant challenged the court's jurisdiction and asked the court to quash the second writ. The trial court granted appellee's second petition and ordered the judgment revived and the lien continued for a three year period from the date of the entry of the order. The question on appeal is whether this judgment was properly revived by a scire facias writ pursuant to Ark. Stat. Ann. § 29-601 et seq. (Repl. 1979). Jurisdiction is in this court pursuant to Rule 29 (1) (c). We affirm.

The appellant first argues the original judgment lien had expired by the time of the filing of the action and cites §§ 29-131 and 29-602 for this contention. Section 29-131 provides "liens . . . shall continue in force for three [3] years from the date of the judgment and may be revived." Section 29-602 recites "The plaintiff . . . may at any time before the expiration of the lien on any judgment, sue out a scire facias to revive the same." Appellant contends that action must be taken within the first three years while the lien is in effect or else a revivor action is not allowed. However, in the case of *Bird* v. *Kitchens,* 215 Ark. 609, 221 S.W.2d 795 (1940), we interpreted the statute to mean:

> . . . while the judgment lien expires at the end of this three year period, unless revived, the judgment itself remains in full force and effect for ten years, and the execution may be issued at any time within this ten year period.

The reference to the ten year period is found in § 29-601:

No scire facias to revive a judgment shall be issued but within ten [10] years from the date of the rendition of the judgment; or if the judgment shall have been aforetime revived, then within ten [10] years from the order of revivor.

The import of this statute was explained in *General American Life Insurance Co.* v. *Cox,* 215 Ark. 860, 223 S.W.2d 775 (1949):

. . . By its terms it grants the full period of ten years within which the writ may issue. To require that the judgment also be taken within ten years would have the effect of reducing the time allowed for issuance of the writ, since provision is made for the filing of an answer and for a hearing upon the question of revivor.

The judgment here was entered in October 1972. The appellee sought to revive the judgment in August 1980. Pursuant to § 29-601 a scire facias may issue because the ten year limitation had not run. Appellee concedes the original judgment lien expired but according to § 29-607, " . . . if the lien of any judgment or decree shall have expired before suing out the scire facias, the judgment of revival shall only be a lien from the time of the rendition of such judgment." The trial judge correctly revived the judgment lien for a three year period beginning in September 1981.

Appellant also argues that the service of process was not proper because personal service must be utilized before constructive service. Appellee first served appellant pursuant to the long-arm statute, Ark. Stat. Ann. § 27-2502 (Repl. 1979) by sending the petition and writ by certified mail to appellant's address in Memphis. Appellee then employed a second procedure found in § 29-604 which authorizes a method of services when a defendant cannot be found. This second form of effecting service was used because appellant, residing in Memphis, could not be found in this state within the intent of § 29-604. The method of service used was proper and the appellee complied with the posting requirements of § 29-605. The trial court was correct in ordering the judgment revived and the lien continued.

Affirmed.