Donald MALONE *v.* Linda MALONE

98-833                                                991 S.W.2d 546

Supreme Court of Arkansas
Opinion delivered June 3, 1999

*Bramblett & Pratt*, by: *James M. Pratt, Jr.*, for appellant.

*Nichole M. Hogue*, for appellee.

A NNABELLE CLINTON IMBER, Justice. This appeal stems from a decision by the chancery court to revive a judg-ment for child-support arrearages more than ten years after the date of its rendition. The chancellor concluded that an acknowl-edgment of the 1985 judgment contained in an agreed order filed on February 16, 1994 revived the judgment for an additional ten (10) years. For the reasons stated below, we affirm as modified.

The parties were divorced in Florida on August 29, 1975. The divorce decree entered by the Florida circuit court awarded custody of the parties' two children to Linda Malone and ordered Donald Malone to pay child support in the amount of $40.00 per week. When Mr. Malone failed to make the child-support pay-ments ordered by the Florida circuit court, Mrs. Malone retained private counsel and filed a complaint on December 27, 1984, in Ouachita County Chancery Court, Case No. E-84-440, seeking to collect child-support arrearages owed under the Florida decree. A judgment entered on July 9, 1985, awarded Mrs. Malone the total sum of $12,735.74 for child-support arrearages plus interest. A garnishment on September 10, 1985 produced $134.50. How-ever, the balance of the judgment remained unpaid.[1]

Mr. Malone again failed to pay his child-support obligations in 1986. Mrs. Malone assigned her rights to the Arkansas Office of Child Support Enforcement (OCSE), which instituted a sepa-rate action in Ouachita County Chancery Court, Case No. E-86-47, on April 11, 1986. OCSE registered the Florida divorce decree under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA). Ark. Stat. Ann. §§ 34-2401 *et seq.* (1985)(codified at Ark. Code Ann. § 9-14-301 *et seq.* (1987)). Pursuant to an agreed order entered on June 3, 1986, OCSE was granted judgment for arrearages accrued since the entry of the 1985 judgment in the amount of $1800.00, and Mr. Malone was

---

[1] Although a tax interception of Mr. Malone's 1988 income tax refund produced $253.00 in 1989, no evidence was introduced showing that this amount was applied to the 1985 judgment.

ordered to continue making child-support payments in the amount of $40.00 per week.

On February 16, 1994, the Ouachita County Chancery Court entered a final order in the OCSE case terminating Mr. Malone's obligation to pay child support, as both children had reached the age of majority. The order noted that since entry of the June 3, 1986 order Mr. Malone made regular payments through the registry of the court until the youngest child reached majority age in August, 1992. However, based upon an examination of payment records maintained by the clerk, the chancellor found that some payments were not made and Mr. Malone was delinquent in child-support payments in the total amount of $700.00. Mr. Malone was ordered to pay that sum forthwith to the clerk "which payment shall constitute the defendant's final child-support obligation in this case." Finally, the last paragraph of the 1994 order provided as follows:

> That nothing contained in this order shall effect in any way the previous judgment obtained by the Plaintiff, Linda Malone, against the Defendant, Donald F. Malone, on July 9, 1985, in Ouachita County Chancery, case number E-84-440, for child support arrearages under the Florida decree.

On April 25, 1996, OCSE filed a petition for *scire facias* in Case No. E-86-47-1, and on May 1, 1996 OCSE filed a motion to consolidate Case Nos. E-86-47-1 and E-84-440-1. On June 3, 1996, OCSE filed a petition for revivor of judgment in Case No. E-84-440-1. The parties stipulated to the facts at issue and a final hearing was held on August 12, 1997. By order filed November 25, 1997, the chancellor found that the last paragraph of the agreed order entered February 16, 1994 in Case E-86-47 was an acknowledgment of the 1985 judgment by Mr. Malone. Applying the law as it relates to the acknowledgment of debts, the chancellor concluded that nothing in the 1994 order rebutted the presumption that Mr. Malone intended to pay the judgment. Based upon this conclusion, the chancellor held that the judgment was revived to the extent that Mrs. Malone was entitled to pursue collection of the 1985 judgment for ten years commencing from February 16, 1994. Mr. Malone appeals the chancellor's order,

asserting that the petition for *scire facias* was fatally late and any action on the 1985 judgment is now barred.

■ OCSE filed both petitions, the petition for *scire facias* in Case No. E–86–47–1 and the petition for revivor of judgment in Case No. E–84–440–1, pursuant to Ark. Code Ann. § 16–65–501 (1987). Section 16–65–501 provides in pertinent part that:

> (a) The plaintiff or his legal representatives may, at any time before the expiration of the lien on any judgment, sue out a scire facias to revive the judgment.
>
> *   *   *
>
> (f) *No scire facias to revive a judgment shall be issued except within ten years from the date of the rendition of the judgment;* or if the judgment shall have been previously revived, then within ten years from the order of revivor.

(Emphasis added.) A writ of *scire facias* must be sued out prior to the expiration of the judgment. *See Burton v. Bank of Tuckerman*, 276 Ark. 504, 637 S.W.2d 577 (1982); *General Am. Life Ins. Co. v. Cox*, 215 Ark. 860, 223 S.W.2d 775 (1949). The ten-year limitations period begins to run from the date of the rendition of the judgment. *See* Ark. Code Ann. § 16–65–501.

■ The judgment for accrued child–support arrearages was entered in 1985. The petition for *scire facias* or revivor of judgment was not filed by OCSE until 1996. Because OCSE did not sue out a *scire facias* to revive the 1985 judgment within ten years from the date of its rendition, we conclude that no *scire facias* to revive the judgment could be issued and revival of the judgment was barred pursuant to Ark. Code Ann. § 16–65–501. *See Burton, supra.*

■■ Likewise, actions on all judgments must be commenced within ten (10) years after the cause of action accrues. Ark. Code Ann. § 16–56–114 (1987). A cause of action on a judgment accrues on the date the judgment is rendered. *A. Karcher Candy Co. v. Hopkins,* 211 Ark. 810, 202 S.W.2d 588 (1947). This statute of limitations for actions on judgments may be tolled when payment is made on the judgment, thereby commencing a new ten–year limitations period as of the date of the

payment. *Pepin v. Hoover*, 205 Ark. 251, 168 S.W.2d 390 (1943). The judgment here was rendered on July 9, 1985. The only proven payment on the 1985 judgment was a garnishment on September 10, 1985, which thereby commenced a new ten-year limitations period as of September 10, 1985. As previously stated, Mrs. Malone did not commence an action on the 1985 judgment until 1996, more than ten years after the last payment date, September 10, 1985. Thus, enforcement of the judgment was barred under Ark. Code Ann. § 16-56-114 as well.

■ The chancellor decided that an acknowledgment of the 1985 judgment contained in the 1994 order revived the statute of limitations of the judgment for an additional ten years. In making this decision, the chancellor reasoned that a debt may be revived by a subsequent acknowledgment. While both parties have briefed this issue, we must reject the chancellor's reasoning because the revival of judgments is governed by section 16-65-501 and actions on judgments are governed by section 16-56-114. Neither of those statutes, nor the case law interpreting them, provides for revival of a judgment or the statute of limitations for actions on a judgment by a subsequent acknowledgment of debt.

■ Notwithstanding the above analysis, we will affirm the trial court where it reaches the right result, even though it may have announced the wrong reason. *Dunn v. Westbrook*, 334 Ark. 83, 971 S.W.2d 252 (1998); *Marine Servs. Unlimited, Inc. v. Rake*, 323 Ark. 757, 918 S.W.2d 132 (1996). Accordingly, we may consider statutory authority which would support affirmance, though not cited by the parties.

In July of 1995 the legislature passed Act 1184 of 1995, which amended Ark. Code Ann. § 9-14-235 (Repl. 1991), so as to allow collection on child-support judgments in a specified manner until such time as the judgments have been satisfied. Specifically, Ark. Code Ann. § 9-14-235, as amended, provides:

> (a) If a child support arrearage or judgment exists at the time when all children entitled to support reach majority, are emancipated, or die, or when the obligor's current duty to pay support otherwise ceases, the obligor shall continue to pay an amount equal to the court-ordered child support, or an amount to be

determined by a court based upon the application of guidelines for child support under the family support chart, until such time as the child support arrearage or judgment has been satisfied.

\* \* \*

(f) The purpose of this section is to allow the enforcement and collection of child support arrearages and judgments after the obligor's duty to pay ceases.

The legislature placed no statute of limitations on the continued collection of child- support judgments in the manner specified by section 9-14-235, thereby creating a direct conflict with section 16-65-114, which mandates a ten-year limitations period for actions upon all judgments.

██ Two major principles are controlling in resolving which statute governs the enforcement of child-support judgments. First, when interpreting statutes, the rule is settled that a general statute must yield when there is a specific statute involving the particular matter. *Village Market Inc. v. State Farm Gen. Ins. Co.*, 334 Ark. 227, 975 S.W.2d 86 (1998); *Board of Trustees v. Stodola*, 328 Ark. 194, 942 S.W.2d 255 (1997). Second, it is the policy of the law to use the longer limitations period where the issue is "doubtful." *Adams v. Arthur*, 333 Ark. 534, 969 S.W.2d 598 (1998); *Matthews v. Travelers Indemnity Ins. Co.*, 245 Ark. 247, 432 S.W.2d 485 (1968).

█ Section 9-14-235, as amended, applies specifically to child-support judgments and imposes no limitations period on the enforcement of those judgments, so long as collection efforts are limited to those methods specified in the statute. We therefore conclude that section 9-14-235, as amended, governs actions to collect on child-support judgments to the extent that such actions were not yet barred at the time section 9-14-235, as amended, became effective and to the extent that such actions seek only to require the obligor, whose current duty to pay support has ceased, to continue making regular court-ordered child-support payments until such time as the judgment is satisfied.

█ As previously stated, a new ten-year statute of limitations period commenced on the 1985 judgment by virtue of the September 10, 1985 garnishment. Pursuant to section 16-56-114,

an action on the 1985 judgment could be commenced at any time before September 10, 1995. Thus, at the time section 9-14-235, as amended, became effective, that is on July 28, 1995, action on the 1985 judgment was not yet barred by section 16-56-114. Accordingly, we hold that section 9-14-235, as amended, governs the 1985 judgment, so as to allow for its enforcement and collection in the manner provided by that statute until the judgment is fully satisfied.[2] Under these circumstances, section 9-14-235 requires that Mr. Malone continue making regular court-ordered child-support payments until the judgment is satisfied. We therefore affirm the trial court's order that Ms. Malone may pursue collection on the 1985 judgment, but modify that order to limit the manner of collection to those methods specified in Ark. Code Ann. § 9-14-235.

Affirmed as modified.

BROWN, J. concurs.

ROBERT L. BROWN, Justice, concurring. I agree with the result reached by the majority. I do not see, however, the need to rely on the September 10, 1985 garnishment to protect the obligation to pay under the 1985 judgment. My reason for this is that Ark. Code Ann. § 9-14-235 (Repl. 1991), as enacted by Act 507 of 1989, makes it clear that the ten-year statute of limitations for revivor of judgments was done away with for purposes of judgments for child-support arrearages as early as 1989, and not in 1995, as the majority concludes.

Act 507 of 1989 supports this conclusion in clear terms:

> (a) All persons under a court order to pay child support shall continue to pay an amount equal to the child support amount after all children entitled to support reach majority, are emancipated, die, or when the obligor's current duty to pay child sup-

---

[2] With regard to the assertion by the concurrence that we should rely upon Act 507 of 1989, that Act provided specifically that "[E]nforcement through court proceedings of the continued payment of the support obligation amount to collect child support judgements and arrearages is prohibited." Accordingly, Act 507 does not apply to Mrs. Malone's efforts in this case to enforce payment of a judgment for child-support arrearages through court proceedings.

port otherwise ceases if a judgment or child support arrearage exists until such time as the judgment or arrearage has been satisfied.

Ark. Code Ann. § 9-14-235(a) (Repl. 1991). The repealer clause in Act 507, which repealed all inconsistent laws, underscored the point that a limitations period on the obligation to pay no longer existed.

Because the limitations period for an obligation to pay was repealed by Act 507 within ten years of the September 1985 child-support judgment at issue, whether that judgment was revived for another ten years is irrelevant. Moreover, Act 1184 of 1995 made it clear that the continuing obligation to pay could be enforced by court actions even where collection mechanisms had not previously been put in place. *See* Ark. Code Ann. § 9-14-235(f) (Repl. 1998) (removing the prohibition on enforcement by court action). As remedial legislation, Act 1184 can be applied retroactively to the arrearage judgment at issue. *See Forrest City Machine Works v. Aderhold*, 273 Ark. 33, 616 S.W.2d 720 (1981); *Harrison v. Matthews*, 235 Ark. 915, 312 S.W.2d 704 (1962); *see also City of Fayetteville v. Bibb*, 30 Ark. App. 31, 781 S.W.2d 493 (1989).

Hence, my principal point of departure from the majority opinion is that I conclude the ten-year statute of limitation on the obligation to pay for child-support judgments was repealed in 1989 as opposed to 1995. That six-year time differential can have considerable consequences for a party enforcing a child-support judgment who is subject to a limitations defense during that period. For this reason, I concur.