AGRIBANK, FCB *v.* Ralph HOLLAND, Jr., and
Patricia Holland

CA 00-76                                          27 S.W.3d 462

Court of Appeals of Arkansas
Division II
Opinion delivered October 4, 2000

*Barrett & Deacon,* by: *Ralph W. Waddell, D.P. Marshall Jr., James F. Gramling Jr.,* for appellant.

One brief only.

TERRY CRABTREE, Judge. The issue in this case is whether a judgment can be extended for ten years by a court other than the one in which it originated. The St. Francis County Circuit Court held that it cannot and dismissed this action for lack of jurisdiction. We agree with appellant that this dismissal was error and reverse.

Appellant Agribank, FCB, obtained a judgment for $89,755.96 and foreclosure against appellees Ralph Holland, Jr., and Patricia Holland on March 25, 1988, in the St. Francis County Chancery Court. Appellant purchased appellees' property at the foreclosure sale and received a deficiency judgment for $28,218.59 on May 5, 1988. On April 11, 1997, appellant caused four writs of garnishment to be issued, and $4,224.71 was applied to the judgment. Appellant never sought a writ of *scire facias* to revive the judgment. On October 26, 1998, appellant filed this action, asserting that, commencing April 11, 1997, the writs of garnishment had started a new period of limitations for the judgment. In its prayer for relief, appellant requested that the deficiency judgment be continued for ten years from April 11, 1997. In defense, appellees asserted that appellant had not revived the judgment within the ten-year statute of limitations and that the circuit court lacked subject-matter jurisdiction.

In his order, the circuit judge noted that the issuance of process or payment on a judgment will toll the statute of limitations and begin a new period from which it will run but dismissed this action for lack of jurisdiction, stating that the judgment should be revived by the court that originally rendered it. Appellant appeals from this dismissal.

Arkansas Code Annotated section 16-56-114 (1987) provides that actions on judgments must be commenced within ten years. The revival of judgments is governed by Ark. Code Ann. § 16-65-501 (1987), which provides for the issuance of writs of *scire facias* within ten years from the date of the rendition of the judgment. See *Malone v. Malone*, 338 Ark. 20, 991 S.W.2d 546 (1999). Appellant argues that this statutory process is not the only way in which judgments can be revived. It asserts that the circuit court also had jurisdiction to extend the judgment because a judgment may be revived by bringing an ordinary civil action thereon. We agree. At common law, a party has a right of action upon a judgment as soon as it is recovered, in addition to the right to take

out execution. *Garibaldi v. Carroll*, 33 Ark. 568 (1878). In *McGill v. Robbins,* 231 Ark. 411, 329 S.W.2d 540 (1959), the Arkansas Supreme Court acknowledged that, without seeking a writ of *scire facias*, a creditor can revive a judgment by suing on it.

█ *McGill v. Robbins* is recognized in footnotes annotating the following passage from 47 AM. JUR. 2D *Judgments* § 945 (1995):

> Generally, the main purpose of an action on a judgment is to obtain a new judgment, which will facilitate the ultimate goal of securing satisfaction of the original cause of action.
>
> Ordinarily, no advantage is gained by bringing an action on a judgment in the same state where the judgment was rendered since the creditor can simply proceed to collect it by, for instance, execution or garnishment. However, if the statute of limitations period has almost run on the judgment, the judgment creditor can start the limitation period anew by bringing an action on the judgment and obtaining a new judgment. Alternatively, bringing a civil action on a judgment may revive a judgment that has become dormant. In jurisdictions that provide no other specific procedure whereby a dormant judgment may be renewed or revived, a party's only choice is to bring a new action on his judgment. Such an action is deemed distinct from the original suit in which the prior judgment was rendered, and must be commenced and prosecuted as in the case of any other civil action brought to recover judgment on a debt. It is regarded as a separate, new, and independent action, and different from the proceeding in which the original judgment was obtained, even if its purpose is to revive the judgment.

"Revivor proceedings and actions on judgments are distinct and cumulative remedies. A judgment creditor may have either or both, as the creditor sees fit." 46 AM. JUR. 2D *Judgments* § 441 at 728 (1994).

█ Because common-law actions on judgments and statutory revivor proceedings are distinct and cumulative remedies, we hold that the circuit court had jurisdiction and that the circuit judge erred in dismissing this action.

Reversed and remanded.

ROBBINS, C.J., and MEADS, J., agree.