2009 Ark. App. 222

**Phillip M. BALDWIN, Appellant**

v.

**Eugene EBERLE, III, Appellee.**

**No. CA 08–963.**

Court of Appeals of Arkansas.

April 1, 2009.

Floyd A. Healy, Little Rock, for appellant.

The Rose Law Firm, A Professional Association, by: Herbert C. Rule, III, Little Rock, and Joi Leonard, for appellee.

JOSEPHINE LINKER HART, Judge.

Phillip M. Baldwin appeals from an order of revivor of judgment entered by the Pulaski County Circuit Court. He argues that the trial court's ruling was based on a misinterpretation of the Arkansas revivor statute. We affirm.

The facts are not in dispute. On May 19, 1982, Eugene Eberle, III, a realtor doing business as Eberle Realty, obtained a $10,313.04 judgment against Baldwin in an action for breach of an exclusive listing contract. Eberle failed to collect the debt and in November 1987 filed a motion to revive the judgment. Eberle subsequently received an Order of Revivor of Judgment that was entered on December 28, 1987. Again, the judgment was not satisfied, and in March 1998, Eberle filed a motion for revivor. Baldwin failed to attend the April 20, 1998 hearing and the trial court granted the motion.

The judgment still remained unsatisfied. In April 2008, Eberle filed his third motion for revivor. Baldwin appeared pro se at the April 18, 2008 hearing. There he argued that the 1998 revival of the judgment was invalid because Eberle failed to revive the judgment within ten years as required by Arkansas Code Annotated section 16–65–501 (Repl.2005). The trial court found that Baldwin had failed to raise his objection to the 1998 revival in a timely manner and was therefore barred by the doctrine of res judicata from raising it in the current proceeding. It granted a new Order of Revivor.

On appeal Baldwin argues that the trial court erred in ordering the 2008 revival because it failed to consider the "complete text" of the relevant statutes. He asserts that the plain text of Arkansas Code Annotated section 16–65–501 clearly states, "[n]o scire facias to revive a judgment shall be issued except within ten (10) years from the date of the rendition of the judgment, or if the judgment shall have been previously revived, then within (10) years from the order of revivor," and it is undisputed that ten years had expired prior to the 1998 revivor action. Further, he argues that the statute of limitations for actions on judgments, Arkansas Code Annotated section 16–56–114 (Repl.2005), which states, "Actions on all judgments and decrees shall be commenced within ten (10) years after cause of action shall accrue, and not afterward," forecloses any collection effort after the judgment "expired" on December 22, 1987. We disagree.

On appellate review, we do not defer to a trial court's conclusions of law. *See Hartford Fire Ins. Co. v. Sauer*, 358 Ark. 89, 186 S.W.3d 229 (2004). Nonetheless, we find no error. We believe this case is controlled by *Lewis v. Bank of Kensett*, 220 Ark. 273, 247 S.W.2d 354 (1952). The broad holding of *Lewis* was that the revivor statute [1] upon which Baldwin now relies only set forth the statute of limitations

---

1. Although the *Lewis* court was interpreting Arkansas Statutes Annotated section 29–601, the language is virtually identical to current Arkansas Code Annotated section 16–65–501.

for reviving judgments. There our supreme court stated that "a revivorship judgment is as effective and conclusive as an adjudication as other judgments and a defendant is bound to plead all matters of defense that he has just as he would in an ordinary suit." 220 Ark. at 276, 247 S.W.2d at 355. It is not disputed that the 1998 revivor order was entered without objection by Baldwin or without a timely attempt to set that order aside. At the 1998 proceeding, Baldwin had available the statute of limitations defense, but he did not assert it. That opportunity has been lost. *See* Ark. R. Civ. P. 8(c) (requiring that affirmative defenses be pled); *Smallwood v. Ellis Gin Co.,* 10 Ark.App. 41, 661 S.W.2d 410 (1983). Accordingly, the trial court did not err when it found that raising the statute of limitations as a defense was barred by the doctrine of res judicata. *General Am. Life Ins. Co. v. Cox,* 215 Ark. 860, 223 S.W.2d 775 (1949).

We acknowledge that Baldwin has cited two cases in support of his contention that the plain language of section 16–65–501 "does in fact indicate that a person may not sue out a scire facias to revive a judgment unless done prior to the expiration of ten (10) years from the date of judgment." However, we find these two cases, *Malone v. Malone,* 338 Ark. 20, 991 S.W.2d 546 (1999), and *Agribank, FCB v. Holland,* 71 Ark.App. 159, 27 S.W.3d 462 (2000), do not compel a different result. Notwithstanding some loose language, neither *Malone* nor *Holland* addresses the res judicata effect of a prior order of revivor as the supreme court did in *Lewis v. Bank of Kensett, supra,* and, more importantly, neither case purports to overrule *Lewis.*

In *Malone,* the debtor tried to assert the statute of limitations defense in 1996 to bar the revivor of a 1985 judgment for unpaid child support—the same defense that we noted that Baldwin failed to avail himself of in 1998. The supreme court intimated that the defense would have succeeded in *Malone* had not the legislature enacted Arkansas Code Annotated section 9–14–235 (Repl.1991). Obviously, we decide a much different issue in the instant case.

Likewise, *Holland* concerned a judgment creditor who failed to revive a judgment within the ten-year statute of limitations as required by Arkansas Code Annotated section 16–65–501. However, the *Holland* court held that it was of no moment because it did not preclude the appellant from pursuing an action on the judgment, the appellant's chosen course of action that had been foreclosed by the trial court when it erroneously concluded that it lacked jurisdiction. Accordingly, the issue decided in *Holland* does not relate to our holding in the instant case.

Affirmed.

VAUGHT, C.J., and BROWN, J., agree.