2009 Ark. App. 310

**CARDER BUICK–OLDS CO., Appellant**

v.

**Roger WOOTEN, Appellee.**

**No. CA 08–898.**

Court of Appeals of Arkansas.

April 22, 2009.

Friday, Eldredge & Clark, LLP, by: Larry W. Burks, Little Rock, for appellants.

Lightle, Raney & Bell, LLP, by: Donald P. Raney and Jonathan R. Streit, Searcy, for appellees.

JOHN B. ROBBINS, Judge.

Appellant Carder Buick–Olds asked the circuit court to issue a writ of scire facias and revive a ten-year-old judgment against appellee Roger Wooten.[1] The court denied the writ, and Carder filed this appeal. We reverse the denial of the writ because the judgment remains unsatisfied. However, we remand with instructions that Wooten may satisfy the judgment by paying the amounts designated in the parties' 1992 settlement.

Carder sued Wooten in 1991 in connection with their operation of a used car business, R & T Motors. Carder alleged that Wooten and his business partner, Tony Wilson, misappropriated R & T's assets, failed to pay a financing company, and failed to give Carder its share of the profits. On February 7, 1992, Carder proposed a settlement whereby Wooten and Wilson would pay Carder $9000 and convey their R & T stock, and Carder would acquire ownership of the business and "be responsible for all current and future liabilities, including contingent liabilities." On February 21, 1992, Wooten and Wilson responded that they would accept the proposal, with each man making half of the

---

1. The judgment was also entered against R & T Investments and Tony Wilson. Appellant states that R & T is now a defunct corporation and that Wilson received a discharge in bankruptcy, leaving Wooten as the only viable judgment debtor.

cash payment. Wooten conditioned his acceptance on the removal of the R & T Motors sign from Wilson's current car lot and the disconnection of the R & T Motors telephone number. Wilson agreed to these conditions. Wilson also asked that Carder's lawsuit be dismissed with prejudice and that R & T Motors continue its defense of a lawsuit by a man named Cole. Within a short time, Wilson and George Carder met in person at Wilson's car lot. They took down the R & T Motors sign, called the telephone company to change the number, and agreed that the Cole lawsuit would be resolved.

A few months later, Carder's attorney indicated in a letter to Wooten's and Wilson's attorneys that no settlement had been reached. Wooten and Wilson filed a petition to enforce the settlement, which the White County chancellor granted, ruling that Carder's February 7, 1992 letter constituted an offer of settlement; that Wooten's and Wilson's February 21, 1992 responses were qualified or conditional acceptances; and that the conditions were resolved when Wilson and Carder met in person. The chancellor entered the following judgment on July 13, 1993:

> The Court finds that this matter was settled and that settlement will be enforced as a judgment of this court. The Parties shall tender the money and exchange the stock and sign releases in accordance with the Court's findings within 10 days of entry of this Decree.

Seven days after entry of judgment, Wooten sent Carder $4500, along with his shares of stock and a signed settlement agreement. Carder returned these items and appealed the judgment. We affirmed the enforcement of the settlement in *Carder Buick–Olds Co., Inc. v. Wilson*, CA93–1128, 1994 WL 693223 (not designated for publication) (Ark.App. Dec. 7, 1994). A few months later, Wooten re-sent the $4500, the stock certificates, and the settlement agreement to Carder. Carder again returned the items. Thereafter, the matter lay dormant for approximately eight years.

On June 23, 2003, Carder filed a petition for a writ of scire facias, seeking to revive the judgment against Wooten. Wooten responded that the judgment was satisfied, citing his previous tenders of money and stock certificates. Carder took no further action on the writ and, on May 21, 2007, Wooten sought a dismissal. Carder continued to insist that the judgment should be revived and argued that Wooten had never tendered a proper amount to satisfy the judgment and had never relinquished certain R & T Motors property. Carder claimed that, as a result of these omissions, Wooten owed approximately $288,000 on the fourteen-year-old judgment. The circuit court disagreed, ruling that:

> Defendants, Roger Wooten and Tony Wilson, complied with this Court's Judgment of July 13, 1993. Defendants delivered checks in the amount of the Judgment along with certificates of stock to the Plaintiffs. There was nothing left to do.
> Plaintiffs' Petition for Writ of Scire Facias is denied.

Carder appeals from this order. Because this case originated in equity, our review is de novo. *See Young v. Young*, 101 Ark. App. 454, 278 S.W.3d 603 (2008).

A judgment remains in full force and effect for ten years. *See* Ark. Code Ann. § 16–56–114 (Repl.2005); *Bird v. Kitchens*, 215 Ark. 609, 221 S.W.2d 795 (1949). Within the ten-year period, a writ of scire facias may be issued to revive the judgment for another ten years, if the judgment has not been satisfied. *See* Ark. Code Ann. § 16–65–501 (Repl.2005); *Burton v. Bank of Tuckerman*, 276 Ark. 538,

637 S.W.2d 577 (1982). The case at bar presents two questions: 1) has Carder's 1993 judgment against Wooten been satisfied, and 2) if not, what must Wooten do to satisfy it?

■ On the first question, we hold that the 1993 judgment has not yet been satisfied. Wooten has twice tendered the cash and stock certificates but, despite his efforts, he has been unable to extinguish his judgment debt. Wooten cites *Doup v. Almand,* 212 Ark. 687, 207 S.W.2d 601 (1948), and *Read's Drug Store v. Hessig–Ellis Drug Co.,* 93 Ark. 497, 125 S.W. 434 (1910), for their holdings that:

> On general principles, whenever the act of one party, to whom another is bound to tender money, services, or goods, indicates clearly that the tender, if made, would not be accepted, the other party is excused from technical performance of his agreement. The law never requires a vain thing to be done.

*Doup,* 212 Ark. at 691, 207 S.W.2d at 603–04; *Read's,* 93 Ark. at 502, 125 S.W. at 437. However, these cases excused persons from making a tender that was a condition precedent to obtaining compensation or a refund. We are hesitant to rely on *Doup* and *Read's* for the broad point that a party who owes money to another is fully discharged upon making a tender that has been refused. The tender of payment is generally not the equivalent of payment itself and, even when refused, does not discharge the party's obligation. *See generally* John Calamari & Joseph Perillo, *Contracts* § 21–12 (3d ed. 1992); 13 Sarah Jenkins, *Corbin on Contracts* § 67.6 (Rev. ed. 2003); 28 Richard Lord, *Williston on Contracts* §§ 72:43 and 72:45 4th ed. (2003); 74 Am.Jur.2d *Tender* § 41: 50 (2d ed. 2001); 50 C.J.S. *Judgment* § 659 (1997). Furthermore, Wooten's counsel acknowledged during oral argument that the $4500 and the stock certifi-

cates remain in Wooten's hands and that he stands ready to convey them to Carder. Under these circumstances, we conclude that the judgment remains unsatisfied and that the circuit court should have granted a writ of scire facias. We therefore reverse the circuit court in that regard.

■ However the primary point of contention in this case is, what must Wooten do to satisfy the judgment? Carder argues that Wooten must first pay postjudgment interest on the $4500, as calculated from the date of the 1993 judgment. We disagree. Wooten twice placed the $4500 in Carder's hands only to have it returned. A creditor cannot continue to demand interest after refusing to accept payment in full. *See Vernon v. McEntire,* 234 Ark. 995, 356 S.W.2d 13 (1962); *Weeks v. McClanahan,* 227 Ark. 495, 300 S.W.2d 6 (1957); *Miller v. Miller,* 193 Ark. 362, 100 S.W.2d 74 (1936). Carder argues, however, that Wooten never made "payment in full" because Wooten's 1993 and 1995 tenders did not include postjudgment interest. Our acceptance of this argument would work a great unfairness to Wooten, particularly with regard to the $4500 payment he made just seven days after the 1993 judgment was entered. The record is devoid of any communication by Carder to Wooten that the 1993 tender was being rejected based on the lack of postjudgment interest. We also observe that Wooten forwarded the 1993 payment to Carder within the ten-day deadline that the chancellor incorporated in the judgment. Furthermore, even if Wooten was required to include a small amount of interest despite remitting his payment within the judgment's ten-day deadline, the equitable doctrine of *de minimis non curat lex* applies. This doctrine states that the law is not interested in trivial matters. *See, e.g., Parker v. Parker,* 97 Ark.App. 298, 248 S.W.3d 523 (2007). The amount of interest

that accrued on the judgment in seven days was no more than a few dollars. Given all of the circumstances in this case, we decline to hold that the lack of a few dollars' interest in 1993 should entitle Carder to receive several thousand dollars in interest at this point in the proceedings, sixteen years after entry of judgment.

Carder argues further that Wooten was required to stop the running of interest and keep his tenders "alive" by depositing the $4500 into the court registry. *See Equifax, Inc. v. Luster*, 463 F.Supp. 352 (E.D.Ark.1978); *Barton v. Bowlin*, 111 Ark. 123, 163 S.W. 502 (1914). Carder did not make this argument below, and we therefore will not consider it on appeal. *See Norman v. Cooper*, 101 Ark.App. 446, 278 S.W.3d 569 (2008).[2]

█ We next address Carder's argument that the settlement agreement required Wooten to return certain R & T Motors property to the company. Carder contends that, after the car-lot meeting between George Carder and Tony Wilson, the parties continued to correspond and discuss drafts of settlement agreements that provided for Wooten's relinquishment of certain R & T Motors property. Carder also points out that the White County chancellor admitted these letters and drafts into evidence, which, according to Carder, warrants a determination that the documents were part of the parties' settlement.

█ We conclude that the settlement agreement, as enforced in the 1993 judgment, did not require Wooten to return any R & T Motors property. Judgments are construed like any other instrument; the determinative factor is the intention of the court, as gathered from the judgment itself and the record. *Gibson v. Gibson*, 87 Ark.App. 62, 185 S.W.3d 122 (2004). The plain language of the 1993 judgment required Wooten to "tender the money and exchange the stock and sign releases." It did not require Wooten to do anything else. Further, even though the parties entered all of their correspondence and settlement drafts into evidence at the chancery hearing, it does not follow that each and every one of those items comprised the settlement. As this court explained in our 1994 opinion in this case:

> The trial court found that the February 7, 1992, letter from appellants' counsel constituted an offer to settle; that the February 21, 1992, letters from appellees were qualified or conditional acceptances; and that the parties acted to resolve those conditions and effected a settlement.

The parties' settlement therefore consisted of select pieces of correspondence and of their actions in accepting the settlement offer. According to the chancellor, acceptance occurred on the day that George Carder and Tony Wilson met in person, and all that remained thereafter was the "formality" of drawing up the settlement document. Our 1994 opinion rejected Carder's claim that the parties' subsequent negotiations and drafting of settlement documents indicated unresolved questions regarding the settlement. We stated that "the formality of written documents and the drafting of specific language was not material to the parties if the essentials of the deal were agreed on, a contract formed, and actions taken pursuant thereto."

Based on the foregoing, we reverse the circuit court's denial of Carder's petition for a writ of scire facias because the 1993

---

**2.** Carder argues that we may consider his argument in our de novo review. Even in de novo review of an equity case, issues cannot be raised for the first time on appeal. *See Bowen v. Danna*, 276 Ark. 528, 637 S.W.2d 560 (1982).

judgment remains unsatisfied. We remand with instructions that the circuit court enter an order providing that Wooten can satisfy the judgment by paying Carder $4500 and transferring his shares of stock in R & T Motors within a deadline established by the circuit court.

Reversed and remanded with instructions.

KINARD and BAKER, JJ., agree.