STATE FARM MUTUAL INSURANCE COMPANY
*v.* Lindsey O. BROWN

CA 93-1300 892 S.W.2d 519

Court of Appeals of Arkansas
Division II
Opinion delivered February 1, 1995

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles* and *Mel Sayes*, for appellant.

*Marc I. Baretz*, for appellee.

MELVIN MAYFIELD, Judge. Appellant State Farm Mutual Automobile Insurance Company (State Farm) appeals a decision of the Crittenden County Circuit Court holding it liable for penalty, interest, and attorney's fees for failure to pay the appellee under

the medical payments provision of appellee's automobile insurance policy.

On February 11, 1989, appellee Lindsey Brown was involved in an automobile accident with Lisa Ann White, an uninsured motorist. On February 27, 1989, appellee filed a complaint against Ms. White seeking damages in the amount of $45,000.00.

On May 3, 1989, appellee filed an amended complaint with interrogatories adding State Farm as an additional defendant. The complaint alleged that appellee's insurance policy was in full force and effect on the date of the accident and that it included uninsured motorist coverage in the amount of $25,000.00, medical payments coverage, and property damage coverage. Appellee asked for judgment against State Farm in the sum of $25,000.00 for uninsured motorist coverage, up to $5,000.00 under medical payments coverage, attorney's fees, 12 percent statutory penalty, prejudgment and postjudgment interest, costs, and expenses. "Interrogatory No. 2" asked whether there was a policy of insurance issued to appellee that was in force on the date of the accident and, if so, for the policy number and terms, plus a copy of the policy. "Interrogatory No. 5" asked State Farm to admit that the policy of insurance provided for $25,000.00 in uninsured motorist coverage.

On May 15, 1989, State Farm submitted interrogatories to the appellee. "Interrogatory (2)" asked appellee to "itemize and attach copies of all medical expenses incurred for treatment" of his alleged injuries. "Interrogatory (7)" asked for a copy of all medical reports concerning those injuries.

On May 19, 1989, State Farm filed an answer in which it admitted appellee had uninsured motorist coverage and denied every allegation "not otherwise admitted."

On June 1, 1989, State Farm responded to appellee's interrogatories stating that a copy of the policy "will be furnished at a later date," that the policy provided at least $25,000.00 uninsured motorist coverage, and that appellee was not entitled to payment under this coverage as a result of his contributory negligence.

On June 9, 1989, appellee responded to State Farm's interrogatories and attached medical reports and copies of all medical bills incurred for treatment of his injuries.

The case was tried before a jury on April 28 and 29, 1993. During a bench conference held on the morning of trial State Farm announced to the court that it would confess judgment of $5,000.00 for medical payments with credit for "a little over" $2,500.00 previously paid. The trial court allowed State Farm to confess judgment over the appellee's objection and the case proceeded to trial. After hearing the evidence, the jury found that appellee had sustained property damage in the amount of $1,500.00, and damages for bodily injury in the amount of $18,500.00, and found appellee 10 percent negligent in causing the accident and Ms. White 90 percent negligent.

On June 4, 1993, a hearing was held on appellee's request for penalty, interest, and attorney's fees with respect to the medical payments claim. No contention was made for penalty or attorney's fee on the tort claim, apparently because the amount recovered for property damage and bodily injury, with credit for the $5,000.00 for which judgment was confessed for medical payments, was not within 80 percent of the amount the complaint sought for the tort damages. However, the appellant argued that appellee was not entitled to attorney's fees and penalty on the recovery for medical payments because it confessed judgment for $2,448.00, which was the remaining amount due on that claim; therefore, appellee did not recover 80 percent of the amount sought on that claim as required by statute. The appellee argued that he was not provided with a copy of the policy, or with notice that State Farm had paid any medical bills, until two days prior to trial and that he had submitted bills to State Farm in excess of the medical payments provision. Appellee argued further that he answered State Farm's interrogatories on June 9, 1989, and attached medical bills in excess of $5,000.00; that State Farm never offered to pay; that appellee was unaware State Farm had paid some medical bills until State Farm notified him of the fact a couple of days before trial; and that without any forewarning State Farm came into court on the morning of trial, after appellee announced ready for trial, and confessed judgment for the unpaid portion of the medical expenses up to the $5,000.00 policy limit. Appellee said this was "pretty late notice" for him to consider what to do insofar as amending his complaint. Appellee argued further that State Farm failed to plead payment, set-off, or lack of demand, and that he was entitled to attorney's fees.

The only witness at the hearing was Gordon Franklin, a claims specialist with State Farm, who testified that medical expenses in the amount of $2,552.00 were paid to the providers of medical services on March 24, 1989; that there may have been some medical bills presented in discovery or interrogatories after the lawsuit was filed, but he could not recall; that he really hadn't looked through the file; and that appellee had medical payments coverage in the amount of $5,000.00.

In a letter opinion dated July 14, 1993, the trial judge found:

that plaintiff made demand on State Farm on May 3, 1993, [sic] for the $25,000 uninsured motorist's policy limit and $5000 for med-pay. The Court further finds that State Farm denied med-pay coverage on plaintiff, and any liability for payment of any of his claims. The Court also finds that State Farm on March 24, 1989, paid directly to plaintiff medical providers $2552 and intentionally withheld said knowledge from plaintiff until a few days before trial of this matter.

Because Defendant State Farm intentionally withheld the fact that it had paid $2552 of Plaintiff medical bills, it prevented the plaintiff from amending his Amended Complaint to demand $2448 from said Defendant for payment of the remainder due under his med-pay coverage. The Defendant State Farm, by its conduct, is estopped from claiming that plaintiff is not entitled to Attorney fees, penalty and interest on the med-pay claim because he did not recover 80% of the amount he demanded. The Court again finds that the plaintiff is entitled to penalty, interest and Attorney fees for State Farm's failure to pay Plaintiff med-pay claim after he made demand.

In an amended letter opinion dated July 20, 1993, the judge stated that the reference in his prior letter to May 3, 1993, as the date of the appellee's demand for payment of $5,000.00 for med-pay should have been May 3, 1989. We note that this was the date that appellee filed the amended complaint that made appellant a party to the suit. The judge also found that appellee was entitled to attorney's fees in the amount of $5,193.00, interest on over-due benefits and attorney's fees in the amount of $1,833.84, a 12 percent penalty on attorney's fees, overdue ben-

efits, and interest in the amount of $1,136.98; and a $500.00 witness fee for Dr. Traylor for a total of $8,663.82.

On August 11, 1993, the trial court entered judgment against State Farm in the amount of $13,000.00 for the jury verdict ($20,000.00 less 10 percent deduction for appellee's negligence, less $5,000.00 credit for medical payments recovery), $2,448.00 under the provision for medical payments (which had not been paid to the providers), and $8,663.80 for penalty, interest, attorney's fees and costs, for a total judgment against State Farm in the amount of $24,111.82.

On appeal, State Farm argues that the appellee is not entitled to penalty and attorney's fees because he failed to recover 80 percent of the medical payments claim and that appellee is not entitled to prejudgment interest or an expert witness fee. On cross appeal, the appellee argues that the trial court abused its discretion in not awarding an attorney's fees for all the time spent by appellee's attorney before the confession of judgment for medical payments.

### Liability For Penalty And Attorney's Fees

Appellant first argues the trial court erred in awarding a 12 percent penalty and attorney's fees. It contends that penalty and attorney's fees may be awarded only pursuant to statute; that appellee cannot recover under Ark. Code Ann. § 23-79-208 (Repl. 1992) because he did not recover 80 percent of the amount sought and that appellee cannot recover under Ark. Code Ann. § 23-89-208 (Repl. 1992) because he failed to provide "reasonable proof" that benefits were owed. Moreover, appellant argues there is no statutory authority for an award of penalty and attorney fees under a theory of estoppel.

Arkansas Code Annotated Section 23-79-208(d) actually provides that "recovery of less than the amount demanded" will not defeat the right to recover penalty and attorney's fee if the amount recovered is within 20 percent of the amount "demanded or which is sought in the suit." Section 23-89-202 provides that every automobile liability insurance policy covering any private passenger motor vehicle issued or delivered in this state shall provide minimum medical and hospital benefits to the named insured for reasonable and necessary expenses incurred within 24

months after the accident up to an aggregate of $5,000.00 per person. Under section 23-89-208 benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the amount of benefits. Section (e) of that statute provides that if the insurer fails to pay the benefits when due, the person entitled to the benefits may bring an action in contract to recover them. And section (f) provides that if the insurer is required by the action to pay the overdue benefits, then the insurer shall be required to pay reasonable attorneys' fees plus 12 percent penalty plus interest from the date these sums become overdue.

■ As to the reasonable proof requirement, the appellee filed an amended complaint on May 3, 1989, alleging he had a policy of insurance with appellant that included $5,000.00 medical payments coverage. Then on May 15, 1989, appellant submitted interrogatories to the appellee asking for itemization and copies of all medical expenses incurred for treatment of injuries; and on June 9, 1989, appellee responded to the interrogatories attaching copies of all medical expenses. We think the trial court could find the appellant received reasonable proof of the benefits on June 9, 1989. At that point, appellant knew of the accident; knew of its liability under the policy; and knew the amount of benefits being claimed.

■ Appellant argues that copies of medical bills attached to answers to interrogatories in the context of litigation is not sufficient "reasonable proof." In support of this argument, appellant cites *Roy* v. *Farmers & Merchants Ins. Co.*, 307 Ark. 213, 819 S.W.2d 2 (1991). That case is distinguishable on the facts. There, a hospital sent a bill to the insurance company on February 1, 1991, which merely recited that the patient was hit by a car and that the owner or person who hit the patient was "Bobby & Sheri Rogers." On February 16, 1991, the company's claim adjuster received an application for benefits from the insured's attorney, and the insured received benefits on March 14, 1991. The trial court held the benefits were not overdue because they were paid within 30 days after appellee received proof from the insured. Our supreme court affirmed the trial court and held that reasonable proof of benefits means more than proof of a charge or loss; that a loss only becomes a benefit if the person is legally entitled to recover under the policy; and that it would be wrong to say the insurer must pay a claim based on presentation of a

bill without the claimant asserting in writing or perhaps through counsel that he or she is entitled to a policy "benefit." To the contrary, in the instant case the appellant knew the appellee was asserting that he was entitled to a policy "benefit," knew the amount claimed, paid part of the claim, and confessed judgment to the policy limits on the morning of trial without requiring further proof of the amount due. In *Farm Bureau Mutual Insurance Co. v. Shaw*, 269 Ark. 757, 600 S.W.2d 432 (1980), the court held that even an "informal demand" is sufficient. In the instant case, we cannot agree that the appellant failed to receive "reasonable proof" of the amount due.

■ With regard to recovery of 80 percent of the amount demanded, we do not think the trial judge erred in holding appellant estopped by its conduct from claiming that the appellee is not entitled to attorney's fees and penalty. We think the purpose of a penalty is to encourage insurers to pay what they owe without the necessity of a suit, and we do not think an insurer should be able to deny a claim until the day of trial and then say we'll pay, but we don't owe what you sued for because of payments to your doctor which you did not know about. Indeed, payment is an affirmative defense which must be specifically pled. Ark. R. Civ. P. 8(c). By its denial of liability and failure to plead payment, appellant in essence prevented appellee from amending his complaint to demand the correct amount.

■■ The doctrine of estoppel prevents an injustice to one who has in good faith relied upon another's actions, representations, or conduct to his detriment; to establish estoppel, one must show that the party being estopped knew the facts and intended that his conduct be acted upon, and that the party seeking estoppel was ignorant of the true facts and relied upon the other's conduct to his injury. *First State Bank of Crossett v. Phillips*, 13 Ark. App. 157, 681 S.W.2d 408 (1984). We know of no authority, nor has appellant cited us to any, which prevents a trial judge from applying the doctrine of estoppel, in a proper situation, to keep an insurer from claiming the benefit of the statutory provision of 80 percent recovery. We find no error in the trial court's application of the doctrine of estoppel in this case.

### Amount of Attorney's Fee

The second point in appellant's brief is the trial court erred

in awarding $5,193.00 attorney's fees. Appellant argues that amount is unreasonable and more than the amount of medical benefits paid. Appellant contends the trial court failed to consider recognized factors in determining the amount of the award.

Here, the trial judge heard evidence that appellee's attorney spent 175-200 hours in prosecuting both the medical payments and uninsured motorist claims. In determining a reasonable attorney's fee he stated that the confessed judgment of $5,000.00 represents 27.7 percent of the total amount recovered ($5,000.00 is 27.7% of $18,000.00); that $100.00 per hour is a reasonable fee considering the experience and ability of appellee's attorney, the time and work required in this case, and the fee charged in the area for similar legal services. Taking 187.5 hours as the time spent by appellee's attorney, the judge multiplied that by the 27.7 percent to get the hours spent on the medical payments claim. Based upon these factors, the trial judge awarded an attorney's fee of $100.00 × 51.93 hours or $5,193.00.

While courts should be guided by recognized factors in determining the reasonableness of an attorney's fee, there is no fixed formula to be used and the award of an attorney's fee is a matter for the sound discretion of the trial court; in the absence of abuse, its judgment will be affirmed on appeal. *Southall v. Farm Bureau Mutual Insurance Co. of Arkansas, Inc.*, 283 Ark. 335, 676 S.W.2d 228 (1984); *Caldwell v. Jenkins*, 42 Ark. App. 157, 856 S.W.2d 37 (1993). We cannot say that the trial court abused its discretion in awarding attorney's fees of $5,193.00.

*Allowance of Prejudgment Interest*

Appellant also argues that the trial judge erred in awarding prejudgment interest on the medical payments claim, the 12 percent penalty, and attorney's fees.

As we have already discussed, Ark. Code Ann. § 23-89-208 provides that medical and hospital benefits under an automobile liability insurance policy are overdue if not paid within 30 days after the insurer receives reasonable proof of the amount due, and if the benefits are not paid when due, the person entitled to the benefits may bring an action in contract to recover them. If the insurer is required by the action to pay the benefits

then the insurer shall be required to pay interest from the date the sums become due. Here, the benefits became due on June 9, 1989. Therefore, the trial judge did not err in awarding prejudgment interest on the medical payments claim.

 However, the 12 percent penalty and attorney's fees did not become due until they were awarded by the court. Moreover, the test for an award of prejudgment interest is whether a method exists for fixing an exact value on the cause of action at the time of the occurrence of the event which gives rise to the cause of action; if such a method exists, prejudgment interest should be allowed, because one who has the use of another's money should be justly required to pay interest from the time it lawfully should have been paid. *Hopper* v. *Denham*, 281 Ark. 84, 661 S.W.2d 379 (1983). Here, the amount of penalty and attorney's fee was not determined until the judgment of the court was rendered.

Therefore, the trial judge erred in awarding prejudgment interest on the 12 percent penalty and attorney's fees and we remand on this point to the trial court for a redetermination of the amount of prejudgment interest.

### Allowance Of Expert Witness Fee

Finally, appellant argues the trial court erred in awarding a $500.00 expert witness fee for Dr. Traylor.

 In *Wood* v. *Tyler*, 317 Ark. 319, 877 S.W.2d 582 (1994), our supreme court stated that since 1978 it had specifically held that expert witness fees are not recoverable costs against the losing party because the allowance of costs is purely statutory and Arkansas has no statute which provides for the recovery of expert fees.

 We are not unmindful of appellee's argument that the award of the witness fee was in the nature of a sanction under Ark. R. Civ. P. 11 and that Dr. Traylor might not have been present at trial on June 4, 1993, if the bills were undisputed. The problem with this argument is twofold. In the first place the hearing held on June 4, 1993, was only on appellee's request for penalty, interest, and attorney's fees with respect to the medical payments claim and appellee has not told us why Dr. Traylor's presence was necessary at that time. Moreover, as shown by appellant's brief,

even though appellant confessed judgment on the medical payments claim, Dr. Traylor testified at trial on April 28, 1993, apparently in support of appellee's uninsured motorist claim.

Therefore, the trial court erred in awarding a $500.00 witness fee for Dr. Traylor and we reverse the trial court on this point.

### Cross Appeal

██ ██ On cross appeal, cross-appellant contends the trial court abused its discretion in not awarding an attorney's fee for the full time spent on the medical payment claim. In support of this argument cross-appellant cites Ark. Code Ann. §§ 16-22-308 (Repl. 1994), 23-89-208 (Repl. 1992), and 23-79-209 (Repl. 1992). However, section 16-22-308 is a general statute providing for the recovery of attorney's fees in actions on breach of contract, and a general statute does not apply where there is a specific statute covering a particular subject matter. *Cogburn* v. *State,* 292 Ark. 564, 732 S.W.2d 807 (1987). Section 23-89-208 is a statute which we have already discussed and which allows the recovery of attorney's fees where an insurer fails to pay benefits when they become due, but it adds nothing to the cross-appellant's argument as to the *amount* of the fees to be allowed. And section 23-79-209 (formerly Ark. Stat. Ann. § 66-3239) applies only in suits to terminate, modify, or reinstate a policy. Although appellee argues that this suit "established" the medical payment provisions of the policy which were denied up to the point where the appellant confessed judgment for those payments, we do not think the trial court erred in not following that line of reasoning. And, as we have already said, we cannot say that the trial court abused its discretion in the amount of attorney's fee allowed.

On direct appeal, the judgment is affirmed in part and reversed and remanded in part. On cross appeal, the judgment is affirmed.

COOPER and PITTMAN, JJ., agree.