## VILLAGE MARKET, INC. *v.* STATE FARM GENERAL INSURANCE COMPANY

97-702                                                            975 S.W.2d 86

Supreme Court of Arkansas
Opinion delivered July 16, 1998

[Petition for rehearing granted July 16, 1998.*]

---

\* NEWBERN, BROWN, and IMBER, JJ., would deny.

*Warner, Smith & Harris, PLC,* by: *G. Alan Wooten,* for appellant.

*Jones, Jackson & Moll, PLC,* by: *Randolph C. Jackson* and *Jay W. Kutchka,* for appellee.

*Morgan Welch & Associates,* by: *Morgan E. Welch, amicus curiae,* for the Arkansas Trial Lawyers Ass'n.

PER CURIAM. In its petition for rehearing, appellant, Village Market, Inc., seeks reconsideration of only that portion of this court's opinion that awards State Farm General Insurance Company, Inc., attorney's fees under Ark. Code Ann. § 16-22-308 (Repl. 1994). The *amicus* petitioners timely join in Village Market's rehearing petition. Petitioners argue that the court's majority opinion failed to consider the statutory-construction argument originally offered by Village Market, and in disregarding that argument, caused error. We must agree.

In this court's initial consideration of the attorney's fee issue, Village Market pointed out that State Farm was awarded an attorney's fee under § 16-22-308, but that Ark. Code Ann. § 23-79-208 (Repl. 1992) is the statute that controls attorney's fee awards, and it provides no such fee to insurers when they prevail in an insured's claim under his or her policy. Village Market, citing *State Farm Mut. Auto Ins. Co. v. Brown,* 48 Ark. App. 136, 892 S.W.2d 519 (1995), explained that § 16-22-308 is a general statute

that provides for attorney's fees in actions on breach of contract, but § 23-79-208 is a specific statute that provides for attorney's fees on insurance loss claims and allows such fees (and penalties) for only insureds and then only under special circumstances. Our earlier opinion did not specifically address Village Market's citations or argument, but instead stated the following:

> Village Market reads into § 23-79-208 a prohibition against the recovery of attorney's fees by insurers that is simply not there. In fact, the statute is utterly silent as to what an insurer may or may not recover should it prevail in a claim brought by the insured for failure to pay the loss. We decline to interpret this silence as legislative intent to prohibit such a recovery.

■■ Two major principles are controlling in this case. First, when interpreting statutes, the rule is settled that a general statute must yield when there is a specific statute involving the particular matter. *Board of Trustees v. Stodola*, 328 Ark. 194, 942 S.W.2d 255 (1997); *see also Brown*, 48 Ark. App. 136, 892 S.W. 2d 519. Second, we must consider the fundamental principle that attorney's fees are not awarded unless expressly provided for by statute or rule. *McQuillan v. Mercedes-Benz Credit Corp.*, 331 Ark. 242, 961 S.W.2d 729 (1998). If we had fully considered Village Market's statutory-construction argument when interpreting §§ 16-22-308 and 23-79-208, we would not have "declined to interpret § 23-79-208's *silence* as to what an insurer may or may not recover should it prevail in a claim brought by the insured." (Emphasis added.)

■ In considering and applying the foregoing statutory principles, we first read the plain language of § 23-79-208, which provides for attorney's fees in actions between policyholders and insurance companies. That statute allows attorney's fees to insureds under prescribed circumstances, but omits any reference for such fee awards to insurers. Next, in reading § 16-22-308, that statute never mentions insurance policies and never expressly provides attorney's fees for either insureds or insurers. Because attorney's fees are awarded only when expressly allowed by statute or rule, the silence of such fee awards to insurers in §§ 16-22-308 and 23-79-208 can only be interpreted to mean that the General

Assembly never intended that attorney's fees be awarded to insurers when an insured has filed an action seeking recovery for a claim under his or her policy.

■ In conclusion, we agree that Village Market's (and *amici curiae's*) construction of §§ 16-22-308 and 23-79-208 is correct. Therefore, we grant its petition for rehearing and reverse only that part of the trial court's decision awarding State Farm attorney's fees.

NEWBERN, BROWN, and IMBER, JJ., dissent.

ANNABELLE CLINTON IMBER, Justice, dissenting. Contrary to the intimation by the new majority, the arguments presented by Village Market and the *amicus* petitioners were fully considered when this case was originally submitted and decided. Thus, petitioners have failed to state a valid ground for rehearing under Ark. Sup. Ct. R. 2-3(g). *State Farm Mut. Auto Ins. Co. v. Brown*, 48 Ark. App. 136, 892 S.W.2d 519 (1995), relied on by the majority as a basis for rehearing, is remarkably not on point. There, the court of appeals rejected a claim by an *insured* for an attorney's fee under the breach-of-contract provision. Given that Ark. Code Ann. § 23-79-208 (Repl. 1992) is replete with references to when and how an *insured* may recover such a fee, the statutory-interpretation issue confronting the court of appeals in *Brown* was completely dissimilar from the present case. I dissent from the grant of rehearing for the reasons stated in the original majority opinion handed down on June 11, 1998.

NEWBERN and BROWN, JJ., join in this dissent.