Dick Barclay, Director Arkansas Department of Finance and Administration 1509 W. 7th Street, Ste. 401 Little Rock, AR 72203-3278
Dear Mr. Barclay:
You have requested an Attorney General opinion concerning purchases of certain state-owned equipment by employees of the Department of Finance and Administration. I am issuing the following opinion in response to your request.
Your specific question is:
 May employees of the Department of Finance and Administration purchase agency surplus computer equipment and electronics?
RESPONSE
It is my opinion that employees of the Department of Finance and Administration may not purchase such items.
As you note, your question arises out of the provisions of two laws that address this issue: The Arkansas Computer and Electronic Solid Waste Management Act (Act 1410 of 2001, codified at A.C.A. § 25-34-101 et seq.), and the Arkansas Procurement Law (A.C.A. § 19-11-201 et seq., as amended by Act 1237 of 2001).
The intent of the Computer and Electronic Solid Waste Management Act was to reduce the amount of toxic waste accumulated as a result of the disposal of surplus computer and electronic equipment. To that end, the act provides for the establishment by state agencies of agency-wide policies for the disposal of surplus computer and electronic equipment. The provision of the act that is pertinent to your question is A.C.A. §25-34-104(a)(3), which states:
 (3)(A) The policy may provide that computers and electronic equipment first be offered for sale to the primary agency user of the individual computer within thirty (30) days after degaussing of the hard drive.
 (B) The policy may provide that computers be secondarily offered for sale to other agency employees forty-five (45) days after degaussing of the hard drive.
A.C.A. § 25-34-104(a)(3).
The Arkansas Procurement Law contains a provision that appears to conflict with the above-quoted provision from the Computer and Electronic Solid Waste Management Act. That provision is set forth in A.C.A. §19-11-242(1), as follows:
The State Procurement Director shall promulgate regulations governing:
 (1) The sale, lease, or disposal of surplus commodities by public auction, competitive sealed bidding, or other appropriate method designated by regulation, and no employee of the Department of Finance and Administration or member of their immediate family shall be entitled to purchase any such commodities;
A.C.A. § 19-11-242(1) (emphasis added).
The Arkansas Supreme Court has held that statutes relating to the same subject should be read in a harmonious manner, if possible. MinnesotaMining Mfg. v. Baker, 337 Ark. 94, 989 S.W.2d 151 (1999); L.H. v.State, 333 Ark. 613, 973 S.W.2d 477 (1998); City of Ft. Smith v. Tate,311 Ark. 405, 844 S.W.2d 356 (1993). Therefore, if it is possible to interpret the above-quoted provision of the Computer and Electronic Solid Waste Management Act so that it does not conflict with the above-quoted provision of the Arkansas Procurement Act, that interpretation must be applied.
It is my opinion that such an interpretation is possible. The two provisions in question can be harmonized by applying the well-established principle of statutory interpretation which holds that if two statutory provisions address the same subject, and one is more specific than the other, the one that is more specific will govern. Raley v. Wagner,
346 Ark. ___, ___ S.W.3d ___ (October 11, 2001); Ozark Gas Pipelinev. Public Ser. Comm., 342 Ark. 591, 29 S.W.3d 730 (2000); VillageMarket, Inc. v. State Farm Gen. Ins. Co., 334 Ark. 227, 975 S.W.2d 86
(1998); Bd. of Trustees for the City of LR Police Dept. Pension and ReliefFund v. Stodola, 328 Ark. 194, 942 S.W.2d 255 (1997). If this principle is applied to these statutes, the provision from the Arkansas Procurement Law will take precedence over the provision from the Computer and Electronic Solid Waste Management Act, with regard to employees of the Department of Finance and Administration.
The provision from the Arkansas Procurement Law is clearly more specific than the provision from the Computer and Electronic Solid Waste Management Act, because whereas the Computer and Electronic Solid Waste Management Act applies to all agencies, the Arkansas Procurement Law specifically applies in its prohibition only to a explicitly named agency — the Department of Finance and Administration.
For this reason, I must conclude that employees of the Department of Finance and Administration may not purchase surplus computer and electronic equipment pursuant to A.C.A. § 25-35-104.
I acknowledge that the Computer and Electronic Solid Waste Management Act, with its provision allowing purchases by agency employees was enacted later in time than the provision prohibiting purchases by employees of the Department of Finance and Administration (which was originally enacted in 1979), and that provisions enacted later in time can take precedence in some instances. See, e.g., Uilkie v. State,309 Ark. 48, 827 S.W.2d 131 (1992); Daniels, Director v. City of Fort Smith,268 Ark. 157, 594 S.W.2d 238 (1980). However, this principle should be applied, in my opinion, only in instances where it is not possible to harmonize the two statutes in question. As indicated above, it is possible to harmonize the statutes with which you are concerned.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh