# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 08-2816/3159/3345

_____

| | | |
|---|---|---|
| Mary Anne Shula, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Bank of America, N.A., | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: October 7, 2009
Filed: October 8, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Three appeals are before this court. In No. 08-2816, Mary Shula appeals the District Court's adverse grant of summary judgment on her state-law claims against Bank of America, N.A. (BOA); in No. 08-3159, Shula appeals the District Court's award of attorney fees and expenses to BOA; and in No. 08-3345, BOA cross-appeals the attorney fees award. We affirm the District Court's grant of summary judgment, but we vacate the award of attorney fees and expenses, and we remand the case to the District Court for further proceedings.

Reviewing the District Court's summary judgment decision de novo, see Washburn v. Soper, 319 F.3d 338, 340 (8th Cir. 2003) (standard of review for

summary judgment and application of state law in a diversity case), we agree with the District Court that BOA did not breach its fiduciary duty or the terms of the trust agreement, <u>see</u> Ark. Code Ann. § 28-73-105 (noting that terms of trust prevail over provisions of Arkansas Trust Code); <u>United States v. Santee Sioux Tribe of Neb.</u>, 254 F.3d 728, 735 (8th Cir. 2001) (applying law of state where trust property was located); <u>see also</u> Ark. Code Ann. § 28-73-901(b) ("A trustee is not liable to a beneficiary to the extent that the trustee acted in reasonable reliance on the provisions of the trust."). Accordingly, we affirm the grant of summary judgment.

Reviewing the District Court's award of attorney fees for an abuse of discretion, <u>see</u> <u>Gill v. Maciejewski</u>, 546 F.3d 557, 565 (8th Cir. 2008), we conclude that the District Court incorrectly applied Arkansas Code section 16-22-308 (providing for an award of attorney fees "[i]n any civil action . . . for . . . breach of contract"), instead of Arkansas Code section 28-73-1004 (providing for award of attorney fees "[i]n a judicial proceeding involving the administration of a trust"). <u>See</u> <u>McQuillan v. Mercedes-Benz Credit Corp.</u>, 961 S.W.2d 729, 734 (Ark. 1998) (noting that under Arkansas law, attorney fees are not awarded unless expressly provided for by statute or rule); <u>Village Market, Inc. v. State Farm Gen. Ins. Co.</u>, 975 S.W.2d 86, 86–87 (Ark. 1998) (per curiam) (holding that under Arkansas law, if two statutes apply to award of attorney fees, more specific statute prevails). Accordingly, we vacate the award of attorney fees and expenses, and we remand the case to the District Court with instructions to apply Arkansas Code section 28-73-1004 to BOA's request for attorney fees and expenses.

_____