Cite as 2019 Ark. 228

# SUPREME COURT OF ARKANSAS

No.: CV-18-623

| | |
|---|---|
| | Opinion Delivered: June 20, 2019 |
| KEVIN HACKIE<br><br>APPELLANT<br><br>V.<br><br>COLONEL WILLIAM J. BRYANT, IN HIS CAPACITY AS DIRECTOR OF THE ARKANSAS STATE POLICE<br><br>APPELLEE | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-17-7559 ]<br><br>HONORABLE TIMOTHY DAVIS FOX JUDGE<br><br>REVERSED AND REMANDED ON DIRECT APPEAL; CROSS-APPEAL DISMISSED AS MOOT. |

**ROBIN F. WYNNE, Associate Justice**

Kevin Hackie appeals from an order of the Pulaski County Circuit Court dismissing

his petition for judicial review of an administrative decision by Colonel William J. Bryant,

in his capacity as the director of the Arkansas State Police, on the basis that the petition is

barred by the state's sovereign immunity from suit. Col. Bryant cross-appeals from a

portion of the order voiding his administrative decision. We reverse the order in its

entirety and remand on direct appeal. The cross-appeal is dismissed as moot.

Hackie, who is a California resident, submitted an application to the Arkansas State

Police for a Class C – Combined Security and Investigations Company and Owner License

in order to become licensed as a private investigator in Arkansas. Col. Bryant, as director

of the Arkansas State Police, has the administrative duty of considering such applications

for licensure. Ark. Code Ann. § 17-40-207(a)(3) (Repl. 2018). A background check revealed that Hackie had been convicted in California of felony forgery in December 1996 and felon in possession of a firearm in November 1999. Hackie served his sentences and received a certificate of rehabilitation from the State of California in 2007.

Hackie's application was denied, and he filed an administrative appeal. A hearing officer with the Arkansas State Police recommended that Hackie's application be denied. Col. Bryant entered an administrative order finding that Hackie was ineligible to receive a license due to his prior convictions. Hackie petitioned the Pulaski County Circuit Court for review. Review of a decision to deny a license application is governed by the Arkansas Administrative Procedure Act (APA). Ark. Code Ann. § 17-40-355(a) (Repl. 2018). Col. Bryant filed a motion to dismiss the petition, contending that it was barred by the state's sovereign immunity. The circuit court granted the motion to dismiss. It also voided the administrative order entered by Col. Bryant based on lack of a procedure for review of the decision. Hackie filed a motion for new trial, which was denied. This appeal and cross-appeal followed.

Article 5, § 20 of the Arkansas Constitution provides: "The State of Arkansas shall never be made defendant in any of her courts." A suit against the state is barred by the sovereign-immunity doctrine if a judgment for the plaintiff will operate to control the action of the state or subject it to liability. *See id.* Whether a party is immune from suit is purely a question of law and is reviewed de novo. *Ark. Cmty. Corr. v. Barnes*, 2018 Ark. 122, 542 S.W.3d 841.

2

The issue before this court on direct appeal is whether the circuit court erred in concluding that Hackie's petition for review under the APA was barred by the state's sovereign immunity from suit. We hold that the circuit court's conclusion is erroneous.

In *Arkansas Oil & Gas Commission v. Hurd*, 2018 Ark. 397, 564 S.W.3d 248, the circuit court dismissed a petition for review under the APA as barred by sovereign immunity, declared provisions of the APA unconstitutional, and declared the action of the Arkansas Oil & Gas Commission void ab initio. On appeal, this court held that the petition for review was not barred by the state's constitutional immunity because the petition merely sought review of the Commission's decision and stated no cause of action against the Commission. Under those circumstances, the Commission was not "made a defendant" for the purposes of article 5, § 20. 2018 Ark. 397, at 11, 564 S.W.3d at 255.

Likewise, the petition for review in this case solely seeks review of Col. Bryant's administrative decision denying Hackie's application for a license. No cause of action is stated against Col. Bryant in the petition. As with the Commission in *Hurd*, Col. Bryant is acting in a quasi-judicial capacity and has no vested interest in the outcome of the appeal other than whether his decision to deny the application is upheld.

In *Hurd*, the Commission adjudicated a dispute between two private litigants, whereas here, Col. Bryant was considering a license application, not an existing dispute. The distinction makes no difference, however, because it has been clear since well before the enactment of the APA that a proceeding to challenge an administrative decision by a state entity is not one against the state for purposes of article 5, § 20. The APA was

3

enacted in 1967. Act of March 16, 1967, No. 434, 1967 Ark. Acts 996. In *Hall v. Bledsoe*, 126 Ark. 125, 189 S.W. 1041 (1916), Dr. E.P. Bledsoe filed a petition for writ of certiorari in the Pulaski County Circuit Court seeking review of a decision by the board of control for the charitable institution of the state to remove him from his position as superintendent of the State Hospital for Nervous Diseases. On appeal, this court rejected an argument by the board of control that the petition constituted an action against the state, stating:

> In the first place, it appears clear to us that this is not, as contended by counsel for appellants, a suit against the state. It is merely a review of the proceedings of a tribunal created by the state to perform certain functions; the one exercised in this instance being quasi judicial. The rights of the state are in no wise drawn into the controversy; for the proceeding merely raises the question of regularity and correctness of the action of the board in removing Dr. Bledsoe from the office which he held. *The state is not sued, either directly or indirectly.* That feature of the discussion may therefore be dismissed without further comment.

126 Ark. at 130, 189 S.W. at 1042 (emphasis supplied). In considering Hackie's application, Col. Bryant was simply carrying out the administrative duties prescribed to him by statute. As in *Hall*, the state was not sued, either directly or indirectly, by the filing of a petition for circuit-court review. The enactment of the APA did not alter this; it simply set out the procedure to be followed. Because the state's sovereign immunity from suit does not apply to this proceeding, the circuit court erred by dismissing the petition on that basis. The order on appeal is reversed in its entirety and the matter is remanded to the circuit court for further proceedings.

4

Col. Bryant argues on cross-appeal that the circuit court erred by voiding his decision to deny Hackie's application. The circuit court did so under the erroneous assumption that the state's constitutional immunity barred this proceeding, leaving Hackie with no avenue to challenge Col. Bryant's decision. As it was demonstrated above that this is not the case, and the entire order has been reversed and remanded, the cross-appeal is dismissed as moot.

Reversed and remanded on direct appeal; cross-appeal dismissed as moot.

BAKER, J., dissents.


**KAREN R. BAKER, Justice, dissenting.** I disagree with the majority's decision on direct appeal to reverse and remand this matter to the circuit court for further proceedings and respectfully dissent for the reasons stated in my dissent in *Arkansas Oil & Gas Commission v. Hurd*, 2018 Ark. 397, 564 S.W.3d 248.

On cross-appeal, Col. Bryant argues that the circuit court erred by voiding his decision to deny Hackie's application. The majority states that the circuit court voided Col. Bryant's decision on the "erroneous assumption that the state's constitutional immunity barred this proceeding, leaving Hackie with no avenue to challenge Col. Bryant's decision. As it was demonstrated above that this is not the case, and the entire order has been reversed and remanded, the cross-appeal is dismissed as moot." I disagree. Pursuant to our case law, once the circuit court entered its order dismissing the case, that dismissal terminated the circuit court's jurisdiction. Sovereign immunity is jurisdictional immunity

5

from suit, and jurisdiction must be determined entirely from the pleadings. *Bd. of Trustees of Univ. of Ark. v. Andrews*, 2018 Ark. 12, 535 S.W.3d 616 (citing *LandsnPulaski, LLC v. Ark. Dep't of Corr.*, 372 Ark. 40, 269 S.W.3d 793 (2007); *Clowers v. Lassiter*, 363 Ark. 241, 213 S.W.3d 6 (2005); *Ark. Tech Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000)). "[W]here sovereign immunity is applicable, the trial court acquires no jurisdiction. *Grine v. Bd. of Trustees*, 338 Ark. 791, 2 S.W.3d 54 (1999)." *Bd. of Trustees of Univ. of Ark. v. Crawford Cty. Circuit Court*, 2014 Ark. 60, at 2, 431 S.W.3d 851, 851. Accordingly, because sovereign immunity barred suit, the circuit court did not have jurisdiction to void Col. Bryant's decision to deny Hackie's application. Stated differently, once the circuit court granted Col. Bryant's motion to dismiss on the basis of sovereign immunity, the court lost jurisdiction to void the licensure decision. For these reasons, I would reverse the circuit court's ruling voiding the licensure decision and therefore dissent.

*Jeff Rosenzweig*; and *Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *Hannah E. Wood*, for appellant.

*Mary Claire McLaurin*, Arkansas State Police, for appellee.