Cite as 2022 Ark. 212

# SUPREME COURT OF ARKANSAS

No. CV–21–533

KEVIN HACKIE

APPELLANT

V.

COLONEL WILLIAM J. BRYANT, IN HIS
OFFICIAL CAPACITY AS DIRECTOR
OF THE ARKANSAS STATE POLICE

APPELLEE

Opinion Delivered: December 1, 2022

APPEAL FROM THE PULASKI
COUNTY CIRCUIT COURT
[NO. 60CV-17-7559]

HONORABLE TIMOTHY DAVIS
FOX, JUDGE

AFFIRMED.

**ROBIN F. WYNNE, Associate Justice**

Kevin Hackie appeals from the Pulaski County Circuit Court's order denying relief

in this Administrative Procedure Act (APA) appeal of the denial of his application to obtain

a license for his private security and investigations company by appellee Colonel William J.

Bryant, in his official capacity as director of the Arkansas State Police.[1]  On appeal, Hackie

---

[1]The director of the Division of Arkansas State Police has exclusive authority under Arkansas law to regulate investigation, security, and alarm-system companies.  Ark. Code Ann. § 17-40-106 (Supp. 2021).  A "Class C" license means a license that includes the operations within both a "Class A" license, which means a license issued to an investigations company employing one or more individuals, and a "Class B" license, which means a security-services-contractor license.  Ark. Code Ann. § 17-40-309 (Repl. 2018). "'Investigations company' means a person or entity that engages in the business or accepts employment to obtain or furnish information with reference to: (i) Crime or wrongs done or threatened against the United States or any state or territory of the United States; (ii) The identity, habits, conduct, business, occupation, honesty, integrity, credibility, knowledge, trustworthiness, efficiency, loyalty, activity, movement, whereabouts, affiliations, associations, transactions, acts, reputation, or character of a person; (iii) The location, disposition, or recovery of lost or stolen property; (iv) The cause or responsibility for fires, libels, losses, accidents, damages, or injuries to persons or to property; or (v) The securing of evidence to be used before any court, board, officer, or investigating committee."  Ark.

argues that (1) the circuit court incorrectly adjudicated the administrative appeal by deciding the matter on a different ground than that on which the agency acted; and (2) if this court decides the substantive issue of law, it must reverse and hold that a correct reading of the applicable statutes is that Hackie is not prohibited from obtaining a license. We affirm.

This is the second time this case has been before this court. In 2019, we reversed the circuit court's order dismissing Hackie's appeal as barred by the doctrine of sovereign immunity. *Hackie v. Bryant*, 2019 Ark. 228, 577 S.W.3d 10 (*Hackie I*). This court previously set out the underlying facts as follows:

> Hackie, who is a California resident, submitted an application to the Arkansas State Police for a Class C – Combined Security and Investigations Company and Owner License in order to become licensed as a private investigator in Arkansas. Col. Bryant, as director of the Arkansas State Police, has the administrative duty of considering such applications for licensure. Ark. Code Ann. § 17-40-207(a)(3) (Repl. 2018). A background check revealed that Hackie had been convicted in California of felony forgery in December 1996 and felon in possession of a firearm in November 1999. Hackie served his sentences and received a certificate of rehabilitation from the State of California in 2007.

> Hackie's application was denied, and he filed an administrative appeal. A hearing officer with the Arkansas State Police recommended that Hackie's application be denied. Col. Bryant entered an administrative order finding that Hackie was ineligible to receive a license due to his prior convictions.

*Hackie I*, 2019 Ark. 228, at 1–2, 577 S.W.3d at 10–11.

On December 28, 2017, Hackie filed a petition for judicial review in circuit court pursuant to Arkansas Code Annotated section 25-15-212 (Repl. 2014). He argued that the director's findings, conclusion, and decision were in violation of statutory provisions and therefore in excess of his statutory authority pursuant to Arkansas Code Annotated section

---

Code Ann. § 17-40-102(18). "Security services contractor" means a guard company or armored-car company. Ark. Code Ann. § 17-40-102(34).

25-15-212(h)(1)–(2); were arbitrary, improper, and capricious in nature and constituted an abuse of discretion pursuant to Arkansas Code Annotated section 25-15-212(h)(6); and were not supported by substantial evidence in the record under Arkansas Code Annotated section 25-15-212(h)(5).

On remand from this court following *Hackie I*, the circuit court ordered the parties to file briefs. The parties disagreed as to whether the prohibition on unpardoned felons receiving the license at issue, as set out in Arkansas Code Annotated section 17-40-306(d), could be reconciled with section 17-1-103, which provides that criminal convictions are not an automatic bar to licensing for any trade. The circuit court denied the petition for judicial review and dismissed the matter with prejudice, finding that "there is substantial evidence to support the action of the administrative agency." This appeal followed.

For his first point on appeal, Hackie argues that "[b]y holding that there was 'substantial evidence' to support the agency's decision, the circuit court misapplied established jurisprudence by deciding this matter on a different ground than that found by the administrative agency." He cites several cases in support of the proposition that in an APA appeal, the appellate court reviews the agency's decision, not the circuit court's. *Ark. Appraiser Licensing & Certification Bd. v. Biles*, 320 Ark. 110, 895 S.W.2d 901 (1995); *Moore v. Ark. Alcoholic Beverage Control Bd.*, 2016 Ark. 422, 503 S.W.3d 796; *Dep't of Fin. & Admin. v. Hankins*, 330 Ark. 492, 954 S.W.2d 259 (1997); *Ark. Dep't of Hum. Servs. v. Haen*, 81 Ark. App. 171, 100 S.W.3d 740 (2003). Hackie asks this court to reverse and remand to the circuit court with instructions to analyze the administrative appeal on the grounds ruled on by the agency. But he cites no authority for the proposition that it is reversible error for

the circuit court to decide an APA appeal on a different ground than that found by the administrative agency. This court reviews the decision of the agency rather than the decision of the circuit court. And in any event, this case presents an issue of law that we review de novo; therefore, it is unnecessary to send the case back to the circuit court, and we decline to do so.

For his second point on appeal, Hackie argues that the director erred in determining that section 17-40-306 controlled over section 17-1-103. In an appeal of a decision of an administrative agency under the APA, specifically section 25-15-212, this court reviews the decision of the agency rather than the decision of the circuit court. *Landmark Novelties, Inc. v. Ark. State Bd. of Pharmacy*, 2010 Ark. 40, at 6, 358 S.W.3d 890, 895. We review agency interpretations of statutes de novo. *See Myers v. Yamato Kogyo Co., Ltd.*, 2020 Ark. 135, at 5, 597 S.W.3d 613, 617. The primary rule of statutory interpretation is to give effect to the intent of the legislature. *Keep Our Dollars in Indep. Cnty. v. Mitchell*, 2017 Ark. 154, at 7, 518 S.W.3d 64, 68.

Here, the director denied the application for license on the ground that Arkansas Code Annotated section 17-40-306's prohibition on licensing a convicted felon controlled over section 17-1-103's prohibition on such bans. Section 17-40-306 provides in relevant part:

> (d)(1) Except as provided in subdivision (d)(2) of this section, *the director shall not issue a license* or credential nor renew an existing license or credential *of a person who has been found guilty of or pleaded guilty or nolo contendere to one (1) or more of the following* in any court in the State of Arkansas or to a comparable offense in another state or in a military or federal court *for which a pardon has not been granted*:
>
> (A) *A felony*;

4

(B) A Class A misdemeanor involving theft, sexual offenses, violence, an element of dishonesty, or a crime against a person as determined by the Division of Arkansas State Police under subsection (e) of this section; or

(C) An attempted felony or solicitation or conspiracy to commit a felony that is classified as a Class A misdemeanor.

(2) An individual shall not be denied issuance of a license or credential or renewal of an existing license or credential if the individual by any court has been found guilty of or pleaded guilty or nolo contendere to any misdemeanor if the person was found guilty of or pleaded guilty or nolo contendere to the misdemeanor ten (10) or more years before the date of the application for issuance or renewal.

(3) For purposes of this subsection, the state and national criminal background check shall include a record of all offenses that have been previously sealed or expunged by any court.

(Emphasis added.) Section 17-1-103, "Registration, certification, and licensing for criminal offenders," provides:

(a)(1) It is the policy of the State of Arkansas to encourage and contribute to the rehabilitation of criminal offenders and to assist them in the assumption of the responsibilities of citizenship.

(2) The public is best protected when offenders are given the opportunity to secure employment or to engage in a meaningful trade, occupation, or profession.

(b)(1)(A) Subject to the provisions of subdivision (b)(2) of this section in determining eligibility under this section, a board, commission, department, or an agency may take into consideration conviction of certain crimes that have not been annulled, expunged, or pardoned.

(B) However, such convictions shall not operate as an automatic bar to registration, certification, or licensing for any trade, profession, or occupation.

(2) The following criminal records shall not be used, distributed, or disseminated in connection with an application for a registration, license, or certificate:

(A) Records of arrest not followed by a valid felony conviction by the courts;

(B) Convictions that have been annulled or expunged or pardoned by the Governor; and

(C) Misdemeanor convictions, except misdemeanor sex offenses and misdemeanors involving violence.

(c) The board, commission, department, or agency shall state explicitly in writing the reasons for a decision that prohibits the applicant from practicing the trade,

5

occupation, or profession if the decision is based, in whole or in part, on conviction of a felony.

(d) For the purposes of this section, completion of the following shall be deemed prima facie evidence of sufficient rehabilitation:

(1) Probation or parole supervision; and

(2) A period of five (5) years after final discharge or release from any term of imprisonment in the state penitentiary without any subsequent conviction.

(e) Any complaints concerning the violation of this section shall be adjudicated in accordance with the procedure set forth in the Arkansas Administrative Procedure Act, § 25-15-201 et seq., for administrative and judicial review.

(f)(1) This section shall apply to any board, commission, department, agency, or any other body that deals in licensing or regulating a profession, trade, or occupation in the State of Arkansas.

(2) It shall be the duty of the Secretary of State to make this section known to any board, commission, department, or agency affected by this section.

(g) This section shall not apply to teacher licensure or certification or nursing licensure and certification as governed by §§ 6-17-410 and 17-87-312 respectively.

Hackie argues that a proper analysis must first apply the "harmonious reading" canon of statutory construction. Statutes relating to the same subject are said to be *in pari materia* and should be read in a harmonious manner, if possible. *Ark. Soil & Water Conservation Comm'n v. City of Bentonville*, 351 Ark. 289, 300, 92 S.W.3d 47, 54 (2002). Hackie argues that the two statutes can be read harmoniously to give the director the power to consider Hackie's history in the licensing process but not to use it as an absolute ban. He also points out that section 17-1-103 provides an exception for only teachers and nurses. He argues that if the legislature had intended a felony to be an absolute bar to someone in Hackie's position, it would have said so in section 17-1-103. The problem with Hackie's proposed interpretation of the licensing statute is that it is inconsistent with the plain, unambiguous language of the statute, which states: "[T]he director shall not issue a license . . . [to] a person

who has been found guilty of or pleaded guilty or nolo contendere to one (1) or more of the following in any court in the State of Arkansas or to a comparable offense in another state, or in a military or federal court for which a pardon has not been granted: (A) A felony . . . ." Ark. Code Ann. § 17-40-306(d)(1)(A). When two statutes cannot be read harmoniously, principles governing conflicting provisions, such as the general/specific canon, must be applied. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 180 (1st ed. 2012).

Hackie also argues that if the two statutory provisions were to compete, "the legislative policy supersedes the general-specific mode of analysis." This court discussed the policy of section 17-1-103 in *Bolden v. Watt*, 290 Ark. 343, 719 S.W.2d 428 (1986), and upheld an ordinance prohibiting issuance of a taxicab driver's permit to any person convicted of a DWI within the past three years—despite the general policy set out in section 17-1-103. We reasoned that the general rehabilitation statute, now codified at Arkansas Code Annotated section 17-1-103, did not attempt to give a person a right to a particular job; and those convicted of DWI, who were prohibited from obtaining a taxicab driver's permit for three years, still benefited from the rehabilitation statute when seeking jobs in other fields. *Id.* at 347, 719 S.W.2d at 430. Similarly, in the present case, we must give effect to the specific licensing statute over the general rehabilitation statute. The rule is settled that a general statute must yield when there is a specific statute involving the particular matter. *Vill. Mkt., Inc. v. State Farm Gen. Ins. Co.*, 334 Ark. 227, 229, 975 S.W.2d 86, 86 (1998). "Under [the general/specific] canon, the specific provision is treated as an exception to the general rule." Scalia & Garner, *supra*, 183. Here, section 17-4-306 is

7

clearly the more specific statute, and it therefore controls. Having determined that section 17-40-306's prohibition on issuing the license to those with unpardoned felony convictions controls, we need not address Hackie's statements regarding the effect of a certificate of rehabilitation or other evidence of rehabilitation.

Affirmed.

WOMACK, J., concurs without opinion.

BAKER, J., dissents.

**KAREN R. BAKER, Justice, dissenting.** I dissent from the majority opinion for the reasons stated in my dissent in *Hackie v. Bryant*, 2019 Ark. 228, at 4, 577 S.W.3d 10, 12 ("*Hackie* I"). Because sovereign immunity bars suit, *Bd. of Trs. v. Andrews*, 2018 Ark. 12, 535 S.W.3d 616, I would reverse and dismiss the circuit court's order.

Accordingly, I dissent.

*Jeff Rosenzweig*, for appellant.

*Tess Bradford*, Department of the Arkansas State Police, for appellee.

8